RICHARD MOTSINGER, guardian of Paschal Taylor and others, interpleaded with THOMAS F. WOLF, administrator of John Taylor, Plaintiff in Error, v. WILLIAM D. COLEMAN, Defendant in Error.

ERROR TO FULTON.

Heirs appearing before the county court, by their guardian, to contest the validity of claims against the estate of their ancestor, should defend in the name of the administrator; and an appeal to the circuit court, if taken by the opposite party, should bring the administrator only into that court, and the heirs may equally contest there.

Upon a default, assessment of damages and judgment in the circuit court, the heirs cannot complain of the assessment in this court unless there is a bill of exceptions showing all the evidence upon the inquiry of damages.

Where a party is dissatisfied with the assessment upon a writ of inquiry, affidavits should be filed showing all the evidence heard; and then the inquest may be set aside and the party let in to make his defense; and in case of refusal to do so, this court might correct the error.

THIS cause was originally commenced in the county court of Fulton County, and is founded on three promissory notes signed by Paschal Taylor, Eli Taylor and John Taylor, payable to John Coleman, and assigned in blank by the administrators of John Coleman, then deceased, two of which notes were without seal and the other under seal, and two of them joint and several, and the other joint.

These notes were presented to said county court, for. allowance against one of the plaintiffs in error, Thomas F. Wolf, administrator of the said John Taylor, who was then dead, on the 21st day of December, 1853, the day fixed upon by the administrator for the presentation of claims by the defendant in error. The administrator was present in person, and made no

objection to the notes; they were allowed by the county court, and the clerk ordered to compute the amount due. On the same day and before any further proceedings were had in the matter, the other plaintiff in error, who was guardian of the minor heirs of the deceased John Taylor, appeared by his attorney and moved the court to set aside the allowance, and permit him to defend against the claim. The county court allowed the motion and set aside the allowance, and permitted the guardian to defend. Thereupon the guardian objected to the allowance or the claim, and both parties being ready, the cause was tried by the county judge, who found against the claimant and rendered judgment against him for cost.

From this judgment, the claimant, who is the defendant in error here, took an appeal to the circuit court. In the appeal bond and in the circuit court, no notice whatever was taken of the guardian or his wards. The clerk of the circuit court issued his appeal summons against the administrator, which was returned served in the proper manner and time; but no summons was issued against the guardian or his wards, and no notice of any kind was given them of the taking of the appeal, and no appearance was made by any of them.

In the circuit court the administrator failed to appear: he was defaulted, and upon the default judgment was rendered against him on the three notes; the proceeding was treated as an action of assumpsit and a jury empanneled to assess damages, who assessed the damages on the notes, no evidence being offered, at $502.95. On this verdict the court rendered judgment, and ordered the same with costs to be paid in due course of administration, and certified to the county court.

The administrator and guardian now bring the cause to this court by writ of error, and have separately assigned errors.

The guardian assigns the following errors:

The circuit court erred in proceeding to try the appeal, because there was no jurisdiction of the appeal for the want of service on the guardian.

The clerk of the circuit court ought to have given an appeal summons against the guardian or his wards, which should have been properly served either on the guardian or his wards before the circuit court could dispose of the appeal.

The circuit court erred in taking a default against the administrator.

The circuit court erred in empanneling a jury to assess damages.

The circuit court erred in rendering judgment upon the default aforesaid, and upon the assessment and verdict of the jury.

The administrator assigns the following errors, to wit:

The circuit court erred in taking a default against the defendant.

The circuit court erred in rendering judgment upon such default.

The circuit court erred in empanneling a jury to assess damages.

The court erred in rendering judgment upon the verdict of such jury.

The court erred in ordering the assessment of damages, and rendering judgment for damages alone upon the notes offered in evidence.

THIS cause was heard at the February term, 1854, of the Fulton Circuit Court, WEAD, Judge, presiding.

W. C. GOUDY, for Plaintiff in Error.

KELLOGG and MANNING, for Defendant in Error.

CATON, J.   While the statute secured to the heirs the right to appear by their guardian before the county court, and contest the validity of the claims filed against the estate, they were obliged to defend against these claims in the name of the administrator.   He alone was the party to the record.   The heirs may well be considered, in such a case, as occupying a very similar position to one for whose use a suit is brought in the name of another.   In such a case the claim must be maintained or a right asserted in the name of the nominal party, and in case of an appeal by the opposite party, the process is only issued to and served upon the nominal party, and the party in interest is bound to take notice of such service and appear to the action in the appellate court, as much as if he had been the nominal as well as the real party, and as such had been served with process.   So here, the appellant was only bound to bring into court the administrator who was at least the nominal legal party to the proceeding, although in the circuit court, the infants by their guardian had the same right to appear and contest the claims as they had in the county court.   This they did not do, but suffered a default, or, in other words, failed to appear and defend the claims in the circuit court, whereupon the claimant's damages were assessed and judgment rendered.   A party cannot come into this court and for the first time complain of the amount of damages assessed in the case of a default, especially unless there is a bill of exceptions showing all of the evidence upon the inquiry of damages.   Where the party is dissatisfied with the

amount of damages assessed upon a writ of inquiry, or by the court or clerk upon a default, the proper practise is to file affidavits showing all the evidence heard upon the writ of inquiry, and ask that the inquest be set aside and a new writ of inquiry be issued, or that the inquest and default be both set aside and the party let in to make his defense. And if upon a proper case thus presented, the court should refuse to set aside the inquest, it may be that this court would correct such erroneous decision, but without something in the record showing the whole of the evidence upon which the inquest was found, it is impossible for this court to say that the damages were excessive. So here, a state of case may be imagined which when proved might both legally and equitably have entitled the claimant to the full amount of his claim, and as the record does not show that such a case was not proved, we are bound to presume that the proof was sufficient. The decisions of the circuit court are presumed to be correct till the contrary is affirmatively shown.

Upon the whole we feel bound to affirm the judgment of the circuit court.

*Judgment affirmed.*