JOHN C. McCORD

*v.*

THE MECHANICS' NATIONAL BANK OF CHICAGO.

1. PLEADING—*special plea, which amounts to the general issue, bad on special demurrer.* The general rule is, that matter which may be proved under the general issue, can not properly be made the subject of a special plea.

2. EVIDENCE *under the general issue.* When the declaration sets up the execution of a promissory note, and a guaranty indorsed thereon by the defendant at the time of its execution, a plea that the guaranty was not executed at the time the note was made, amounts to the general issue, and a special demurrer to it should be sustained.

3. PRACTICE—*when sufficiency of proof on assessment of damages can not be questioned.* Where the assessment of damages is not sustained by adequate proof, a motion should be made in the court below to set aside such assessment, and an exception taken to the judgment of the circuit court in overruling such motion, and unless this is done the question can not be raised in the Supreme Court.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SLEEPER & WHITON, for the appellant.

Messrs. McCAGG & CULVER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action of assumpsit, by the bank, against McCord. The declaration set up the execution of a promissory note by Robbins, dated October 1, 1872, promising to pay to the order of McCord, on or before January 1, 1874, $1000. with interest; that McCord then and there sold or

delivered to plaintiff the note, and, at the same time, executed a guaranty of payment to be made on June 9, 1874.

To this count defendant, McCord, pleaded that the guaranty was not made when the note was made, but in December, 1873.

To this there was a special demurrer, upon the ground that the plea amounted to the general issue, and this demurrer was sustained by the court.

This decision was clearly right. The fact pleaded (if material) could, undoubtedly, be given in evidence, under the general issue. The plea was certainly bad on special demurrer.

Payment (and perhaps some other defenses which may be given in evidence under the general issue) may be pleaded specially; but this is exceptional. The general rule is, that matter which may be proved under the general issue can not properly be made the subject of a special plea. Where it is, challenged by special demurrer such plea can not be sustained.

It is also insisted, that on the assessment of damages the proof was not sufficient; that the signature to the guaranty was not proven, etc. This position can not be sustained. The special plea having been set aside by demurrer, the execution of the note and of guaranty stood confessed of record, and needed no proof. Again, where the assessment of damages is not supported by adequate proof, such position can only be heard in this court in cases where a motion in the court below has been made to set aside the assessment of damages, and an exception taken to the judgment of the circuit court in overruling such motion. On this record the question can not be raised in this court.

The judgment is affirmed.

*Judgment affirmed.*