JAMES A. McKENZIE *et al.*

*v.*   ·

CHARLES PENFIELD.

1. PRACTICE—*affidavit of claim by plaintiff.* An affidavit filed by a plaintiff with his declaration, that the defendants are truly and justly indebted to him, after allowing " *all claims and set-offs whatever,*" in the sum of, etc., is not a full and strict compliance with the statute, so as to require the defendant to file an affidavit of merits with his plea.

2. SAME—*time to object.* If an affidavit of claim on the part of a plaintiff is only formally defective, so that it may be cured by amendment, the defendant should object to the same in the court below, and point out the formal defects, so that the court can pass upon the same, and if he does not, the objection will not avail in this court.

3. BILL OF EXCEPTIONS—*as to what evidence was heard.* Where the record shows that after the entry of a default, "the court having heard *the evidence,* * * doth assess the plaintiff's damages," this will be sufficient to show the assessment of damages was upon evidence, although the bill of exceptions may state no further evidence was heard "except such as otherwise appears of record."

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellants.

Mr. Justice Dickey delivered the opinion of the Court:

This is assumpsit, upon a promissory note made by appellants, payable to appellee. The bill of exceptions in the case shows that, with the declaration, plaintiff-filed his own affidavit, stating "that the above named defendants are truly and justly indebted to him, after allowing all claims and set-offs whatever, in the sum of $140.40, said indebtedness being in the nature of one promissory note, given October 20, 1874, and due May 15, 1875, with ten per cent interest."

Defendants filed a plea of *non assumpsit,* but filed no affidavit of merits. On motion of plaintiff, the court entered a rule upon defendants to file with their plea an affidavit of merits, to which order defendants excepted. With this rule defendants failed to comply, and for want of such affidavit their plea was ordered to be stricken from the files, their default was entered for want of plea, and judgment given for plaintiff. Defendants excepted to each of these orders.

Appellants insist that the affidavit of plaintiff, set forth above, was not such a compliance with the statute as gave him a right to demand of defendants an affidavit of merits. The statute provides for an affidavit to be filed with the declaration in such case, stating the amount due him from defendant after allowing to defendant "all his just *credits, deductions* and set-offs." The words of the affidavit filed in this case substitute the phrase, "all *claims* and set-offs *whatever.*" Appellants insist that "credits" to which a party may be entitled on account of payments, and "deductions" to which he may be entitled on account of part failure of consideration, or on account of any other ground for recoupment, can not, strictly speaking, be denominated "claims;" and that as this statute, requiring in certain cases an affidavit of merits to accompany the plea of defendant, is in derogation of the common law, it must be construed strictly, and applied *only* to cases where the statute is strictly complied with.

When a plaintiff wishes to avail himself of any such provision,

he must, no doubt, show that the case is brought within the statute; and where any preliminary thing is provided by the statute to be done by the plaintiff in order to place defendant within the restrictions of such statute, defendant has a right to demand that plaintiff strictly conform to the statute himself before he can call upon defendant to be subject to its provisions.

Upon a careful scrutiny of the affidavit filed by plaintiff with his declaration, it does not seem to be a full and strict compliance with the statute; but we do not find that the attention of the circuit court was in any way called to the defects in that affidavit, which are now pointed out in this court. It is true, the bill of exceptions shows that defendants objected to the entering of the rule upon them to file an affidavit of merits, and excepted to the ruling of the court allowing the rule, and it also appears that exception was taken to the ruling of the court in striking out defendants' plea, for want of compliance with the rule; but the objections seem to have been general and not specific. Had the attention of the circuit court been called to the defects in plaintiff's affidavit (which are now pointed out), the plaintiff might have been allowed to file an amended affidavit. Parties in this court should not be allowed to raise in this court, for the first time, questions which were not submitted to the circuit court for decision, where the subject matter is such that the defect might have been supplied by amendment, if specifically challenged. Affidavits of this kind so far partake of the nature of pleadings, that they must be dealt with upon the same principles. In pleadings, a party can take no exception to form, unless his demurrer is special. So, in passing upon the sufficiency of an affidavit of this kind, unless the form be specifically called in question, the court is not required to notice it. The word "claims," in its comprehensive sense, may be held to embrace a claim to have a "credit" allowed or a "deduction" made. Upon general demurrer, such substitution of

the word "claims" for "credits and deductions" can not be complained of.

It is also insisted that the record shows that there was no evidence heard by the court upon the assessment of damages. This is not sustained by the record.    It is stated in the bill of exceptions, that "no further evidence appeared in the cause other than herein set forth, except such as *otherwise* appears of record."    And it is true that the bill of exceptions does not set forth any evidence as given on the assessment of damages; but it does *otherwise* appear of record, that, after the entry of the default, "the court having heard *the evidence,* \* \* \* doth assess plaintiff's damages," etc.    From this entry it must be taken that the damages were properly proved.

The judgment must be affirmed.

*Judgment affirmed.*