Beam et al. v. Laycock et al.

---

SAMUEL C. BEAM ET AL.

v.

SAMUEL A. LAYCOCK ET AI

1. PRACTICE—EXCEPTION, HOW TAKEN.—Where exception is desired to be taken in this court to the admission of improper evidence on assessment of damages, the party objecting should move to set aside the assessment, and on refusal should preserve an exception.

2. PLEADING.—A plea of *nil debet* being improper, and no answer to the declaration, it was properly stricken from the files, and defendants not offer-ing to plead further unaccompanied with an affidavit of merits, it was not error for the court to render judgment *nil dicit*.

APPEAL from the Circuit Court of Logan county; the Hon. W. E. DICKS, Judge, presiding.

Mr. OSCAR ALLEN and Messrs. BEASON & BLINN, for appel-lants; that an affidavit of merits cannot be filed with the declaration on an appeal bond, cited Rev. Stat. 1874, 779, § 37.

An affidavit of merits cannot be used as evidence in assessing damages upon a bond: Rev. Stat. 1874, 779, § 38.

Messrs. HOBLIT & STOKES, for appellees; that the court might render judgment upon affidavit filed with the declaration, cited Rev. Stat. 1874, 779, § 37; Kern v. Strasberger et al. 71 Ill. 303.

That appellants cannot object for the first time in this court to the assessment of damages: Bowden v. Bowden, 73 Ill. 111.

PER CURIAM. This cause was heard and judgment affirmed at the present term. Appellants file petition for a re-hearing.

We have considered the petition and arguments of appellant's counsel, and must adhere to the decision already made in the case.

Appellants suppose that this court decided that the appeal bond was such a contract that under sec. 37 of the Practice Act, affidavit might be attached to it, and proof as to the amount of damages are dispensed with, unless defendant should file a plea accompanied with affidavits of merits to their plea. The court did not, in considering the case, deem it necessary to pass upon that question. It appeared, from the record, that appellants did not move in the court below to set aside the assessment of damages and take exception to the ruling of the court in refusing to do so. In case of default, and where exception is desired to be taken in this court, to the improper admission of evidence taken on the hearing, of the assessment of damages, it is necessary after the assessment, for the party objecting to move the court to set aside the assessment, and in case of refusal to preserve exception. Unless this be done no objection can be taken in this court to the improper admission of evidence. McCord v. M. N. Bank, 84 Ill. 49; C. & R. I. R. R. Co. v. Ward, 16 Ill. 522. The other error assigned, that the court below refused to strike the affidavit of merits attached to declaration from the files is not well taken. In the first place the plea of *nil debet* was filed, and on motion of appellees, was stricken from the files by the court. The plea of *nil debet* was improper, and no answer to the declaration, and properly stricken from the files, for that reason. After this plea was

stricken from the files appellants did not ask leave or offer to plead unaccompanied with affidavit of merits.   Hence it was proper to render judgment *nil dicit*.   Fanning v. Russell, 81 Ill. 398.

If defendant did not offer to, or desire to plead, no harm could be done to him by the action of the court in refusing to strike the affidavit of merits attached to the declaration from the files.

The motion for re-hearing is denied.