# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—DECEMBER TERM, 1888.

## JAMES P. RIELY
v.
## R. T. BARTON.

[FOUR OTHER CASES.]

*Attachment—Insufficient Abstract—Jurisdiction—Service by Publication
—Damages—Exceptions.*

1. A certificate setting forth service by publication, should show that it was made by the publisher of the paper in which it appeared.

2. A certificate imperfect in this respect may be cured by other proof of publication in the paper in question.

3. The remedy, in case of dissatisfaction with an assessment of damages on default, is a motion to correct the same.

4. This court will not review the assessment of damages on a default, in the absence of a bill of exceptions setting forth all the evidence heard.

5. The presumptions are always in favor of the correctness of the judgments of courts of common law having general jurisdiction.

[Opinion filed May 25, 1889.]

IN ERROR to the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. DANIEL H. PADDOCK, for plaintiff in error.

Mr. G. S. Eldridge, for defendant in error.

The criticism upon the proof of publication has no force whatever. The law does not specifically define how publication may be proved. It merely *authorizes* a certificate of publication to be made by the publisher when *no other* mode is observed. Starr & C. R. S., p. 1674, Sec. 1.

The statute simply provides that the certificate *shall* be sufficient evidence of publication, but does not exclude any other legitimate proof of publication. In Barnett v. Wolf, 70 Ill., p. 79, the Supreme Court said: "The statute has, however, provided that where the service is by publication, a proper certificate of the printer shall be sufficient evidence of service to confer jurisdiction; * * * but the statute *has not* declared that this shall be the *only* means of proving the publication."

This, of course, may be established by affidavit.

In Haywood v. Collins, 60 Ill. 331, cited by appellant, the *certificate* was held void because it did not appear that the *party making it* was the *publisher*, and such also was the case in Haywood v. McCrory, 33 Ill. 459.

Of course, these unsupported *certificates* afforded no legitimate proof that the notice had been duly published; but in the pending cases the *actual publication* of the notices, as *required by law*, was proved by the positive sworn statements contained in the affidavits made by Lake, which shows a strict compliance with the statute in the several cases. There can be no question, therefore, but that the evidence of publication was abundantly sufficient to give the court jurisdiction, and the record shows that proof of publication was made and approved by the court in each case.

If the defendants were dissatisfied with the assessment of damages, their remedy was to move to vacate the assessment. Motsinger v. Colman, 16 Ill. 71; R. R. Co. v. Ward, 16 Ill. 522; Myers v. Phillips, 72 Ill. 460; McKenzie v. Penfield, 87 Ill. 38; Gradle v. Hoffman, 105 Ill. 147.

C. B. Smith, J. These five cases are brought here on writ of error to Kankakee county, and are all so nearly alike in the questions involved that they may be considered

together. They all involved the validity of certain attachment proceedings begun in each of the cases in Kankakee county, and prosecuted to judgment against each of several plaintiffs in error.

The abstract of the record in each case is so brief and imperfect that we get a very imperfect knowledge of the proceedings had in the court below. Indeed, the abstracts are little more than an index to the record. We might be well justified in affirming all these judgments, for want of such an abstract as the rules of the court require; but we have waived that right and examined the questions raised, and passed upon the merits.

Only two questions are raised on these records by plaintiffs in error. First, they deny that the record shows affirmatively (as it must) that the court has jurisdiction of the plaintiffs in error; and, second, they insist the court erred in the assessment of damages. Upon both of these assignments of error the cases are all substantially alike. It is insisted that the certificate of publication of C. A. Lake, the publisher, of notice to the defendant in attachments, was not sufficient to give the court jurisdiction of the parties. The only objection to this certificate is that Lake does not describe himself as publisher of the paper in which the notice was published—simply signing himself as " C. A. Lake," without designating himself as publisher, or as having anything to do with the paper.

In all other respects the certificate seems to be formal and in conformity to the requirements of the statute. If this certificate was the only evidence in the record of any proof of notice to the defendants in the attachment proceedings, it would be insufficient and could not confer jurisdiction on the court. Haywood v. McCrory, 33 Ill. 459; Haywood v. Collins, 60 Ill. 331.

But in addition to the certificate, the judgment of the court, set out in the record, recites that the court heard proof, and the court finds that the notice was published for the time and in the manner required by law. The following is the finding of the court upon that subject in each of the cases. "And now the said plaintiff makes due and satisfactory proof to the

court of the due publication of the notice of the pendency of this suit as to said defendant. And it further appearing to the court that said notice was published for the length of time and in the manner provided by law, and was of sufficient form to notify said defendant of the pendency of this suit at this term of court, and the time and place where this court is holden, and that unless she appeared and filed her plea herein as required by the rules of this court to do, a judgment would be entered against her and in favor of said plaintiff. And now the clerk of this court also comes and files his certificate of the mailing of said notice to the postoffice address of said defendant, as set forth in the affidavit of non-residence herein." This finding of the court recited in the judgment removes the objection urged, for we are bound to presume that the court satisfied itself that Mr. Lake was the publisher of the paper. This it might do by a separate affidavit or certificate, or it might hear oral testimony on the subject. Pierce v. Carleton, 12 Ill. 358.

The publication of notice to the defendant in each of the cases being fully proven to the court, as required by law, the court then obtained jurisdiction of the person of the defendants, and levying the writ on the property gave the court jurisdiction of that also. Objection is also made to the bonds in each case. While some of the bonds were informal and seem to be wanting in technical accuracy, still we think they were all substantially good. The second objection urged is that the court erred in the assessment of damages. The plaintiffs in error are not in a position to raise that question. In all the cases a special appearance was entered by the respective defendants in the attachment, and the appearance limited for the purpose of moving to quash the attachment writ and to dismiss the suit. The court overruled this motion in all the cases, and the defendants, abiding by this motion, declined to plead to the writ or the action and suffered defaults in each case, and the court thereupon assessed the damages as follows: "And now the court hears the evidence, the arguments of counsel, and being fully advised in the premises, finds the issues for the plaintiff, and assesses said plaintiff's damages at

$——— and orders judgment for said damages. It is therefore considered by the court that said plaintiff have and recover of said defendant the said sum of $———, together with his costs of suit herein, and that said plaintiff have special execution against the property attached herein for said sum of $——— and costs," the blanks above being filled in each case with the amount found due.

The default admitted the amount claimed in the affidavits for the attachment, and it was a matter of no importance whether there was an affidavit of merits or not, aside from the attachment affidavit. The court might accept the amount stated in the affidavit or might require additional proof of the amount due. The record recites that the court did hear evidence upon the question. That is all the law requires. If the defendants below were not satisfied with this assessment, it was their privilege and duty to move the court for its correction. Motsinger v. Colman, 16 Ill. 71; R. R. Co. v. Ward, 16 Ill. 522; Gradle v. Hoffman, 105 Ill. 147. Before this court can review the assessment of damages on a default, there must be a bill of exceptions showing all the evidence heard by the court on the hearing.

It is urged that the record in one of the cases shows that the court allowed compound interest on a record of a judgment from Virginia. There is no proof in the record to show that this was erroneous. There is nothing to show that by the laws of Virginia compound interest may not be allowed.

The presumption is always in favor of the correctness of the judgment of courts of common law of general jurisdiction; and in the absence of proof showing the assessment of damages erroneous, we must presume it was correct. There are some other minor objections made by plaintiffs in error, but none of which we think has any merit. Finding no substantial error in any of the cases, the judgment in each and all of them is affirmed.

*Judgment affirmed.*