## THE PHŒNIX INSURANCE COMPANY

*v.*

## S. A. HEDRICK.

*Opinion filed February 17, 1899.*

1. PLEADING—*demurrer does not reach declaration if plea in abatement is on file.* Where a plea in abatement is on file, a demurrer to the replications filed thereto reaches back to the plea in abatement only, since such plea does not answer the declaration but merely goes to the writ.

2. SAME—*when plea in abatement in suit on fire policy is bad.* A plea in abatement in a suit on a fire insurance policy, which avers that the proofs of loss furnished were defective in that the title to the property was not set out, should allege precisely what the proofs of loss stated in that regard, otherwise it states a conclusion of law and is open to demurrer.

3. PRACTICE—*section 61 of Practice act construed as to its application.* Section 61 of the Practice act, (Rev. Stat. 1874, p. 782,) which allows an exception to be taken to the final judgment of the court in a trial without a jury by consent of the parties, has no application to the assessment of damages by the court after default.

4. SAME—*how to preserve action of court in assessing damages for review.* To preserve for review the action of the court in assessing damages after default, it is necessary to move to set the assessment aside and take exception to the court's denial of the motion.

*Phœnix Ins. Co.* v. *Hedrick,* 73 Ill. App. 601, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Richland county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

This is an action of assumpsit brought by appellee, against appellant, to recover for a loss under a fire insurance policy issued by appellant on the buildings and personal property of appellee, described in the policy. It was made September 2, 1895, for a term of three years, and covered a loss not exceeding $2575. The greater part of the property covered by it was destroyed by fire the night of February 3, 1896.

The particular provisions of the policy necessary to be referred to are as follows: "If the assured shall not be the sole and unconditional owner in fee of said property then this policy shall be null and void. In case of loss the assured shall give this company immediate notice thereof, at its branch office in Cincinnati, Ohio, and within sixty days thereafter render, under oath, to its office aforesaid, a particular account of said loss, setting forth the date and circumstances of the same, the title and occupation of the property, and shall furnish an itemized statement of building or buildings, by some reliable builder; * * * and until the proofs required herein are made the loss shall not be payable."

Immediately after the fire appellee notified the company of his loss, and on March 16, 1896, he mailed to appellant certain preliminary proofs of loss required by the policy, with a letter requesting appellant to immediately notify appellee of any change desired in the proofs. On the 31st of March appellant re-mailed the proofs to appellee, with a letter, pointing out certain specific objections to them, but on the same date, and before the proofs and letter were received by appellee, this suit was commenced.

To the declaration the appellant interposed a plea in abatement, the substantive portion of which, besides what is above quoted from the policy, is as follows: "And the defendant says that the plaintiff has not complied with all the terms, conditions and stipulations of said policy above set forth, but avers that on the 16th day of March, 1896, said defendant received what was designated or purported to be a proof of loss, but the same did not state and set out the title of the property and did not show the commercial value of the articles of personal property claimed to have been consumed and destroyed; and the defendant says that said writing designated as a proof of loss was not accepted by the defendant, and the defendant did, on the 31st day of March, 1896, refuse said

writing, and wrote the plaintiff, to his post-office address, to-wit, at Noble, Illinois, and on the third day of April, 1896, defendant wrote one Park Hutchinson, attorney for plaintiff, and refused said writing designated as a proof of loss, and pointed out the specific objections to the same, and thereby pointed out wherein the same was defective, particularly setting forth that the same did not show the title to the property, and did not state the interest of assured to the property destroyed to be the owner in fee simple; and furthermore demanding and asking for certified plans and specifications and certified duplicate bills of purchase for the contents of the dwelling. And the defendant avers that although the said writing designated as a proof of loss was refused by this defendant with specific objections to the same, that the plaintiff has omitted and neglected to correct the same and make a proof of loss as required by the terms of the policy, and forward the same to this defendant. And the defendant says that by the terms of said policy the loss is not payable until the proofs, as required by the policy, are made. And the defendant says that the plaintiff has wrongfully and prematurely brought this suit. And this the defendant is ready to verify, wherefore he prays judgment of said writ and that the same may be quashed," etc.

To this plea appellee filed three replications: First, that the proofs of loss sent March 16 stated that "the property insured belonged at the time of the fire to S. A. Hedrick, and at the time of effecting the insurance it belonged to S. A. Hedrick;" second, that the preliminary proofs of loss were sent to the appellant on March 16, 1896, and that the appellant, though requested to immediately return them if defective, refused to answer said request for more than two weeks and until too late to secure service of process at the coming term of court, by which appellant waived the supposed defects in the proofs; third, the third replication set out, verbatim, the entire proofs of loss sent to appellant, concluding with

the averment that thereby appellee had complied with all the provisions of the policy.

To these replications appellant interposed a general as well as a so-called special demurrer, which were overruled by the court, and thereupon the court ruled appellant to plead to the declaration, which it refused to do and elected to stand by its demurrer. The court then entered judgment against appellant by default, and assessed the damages on evidence heard, and rendered judgment against appellant for $2359.90 and costs, from which appellant prayed an appeal to the Appellate Court, where the judgment was affirmed, and the present appeal is from such judgment of affirmance.

JOHN LYNCH, Jr., and R. W. BARGER, for appellant.

PARKE HUTCHINSON, for appellee.

Per CURIAM: The Appellate Court, speaking through Mr. Justice BIGELOW, delivered the following opinion:

"The first assignment of error questions the ruling of the court in overruling the demurrer. In the view we take of the pleadings it is unnecessary to pass upon that question, at least so far as the special demurrer is concerned. * * * If it be conceded that the court erred in overruling the general demurrer to the replications no harm was done appellant, if its plea in abatement was bad, since in that case the demurrer should have been carried back and sustained to the plea. (*Peoria and Oquawka Railroad Co.* v. *Neill,* 16 Ill. 269.) A demurrer on a record presenting a plea in abatement searches the record back to such plea only, since the plea does not profess to answer the declaration, but only goes to the writ. *Ryan* v. *May,* 14 Ill. 50.

"Was appellant's plea in abatement good? Such a plea ought to be certain to every intent. (*Parsons* v. *Case,* 45 Ill. 296.) The plea, while admitting that some kind

of proofs of loss were sent to appellant, does not state their contents, but avers that the proofs did not state and set out the title to the property. This allegation is equally consistent with each of the two theories, viz., either that the proofs were absolutely silent upon the subject of the title to the property, or that, though attempting to set out title, they were so defective as not to be a compliance at all with the substantial requirements of the policy in that regard, and so the pleader says the title was not stated. If the latter is meant by the pleader, he is pleading a conclusion of law as applied to the proofs furnished by appellee. To have made his plea good he should have stated precisely and particularly what the proofs showed appellee to have stated in that regard, especially since appellant admits by its plea that proofs of some kind were furnished. To say that a certain document does not state such and such facts· may be argumentative, but lacks that precision which is required in saying what facts the document does state. That this plea is an attempt to plead a conclusion of law into the record is further evidenced by the fact, that it avers that appellant wrote appellee that the proofs failed to show that he was sole and unconditional owner in fee of the property,—a requirement not demanded by the policy as to the proofs. He was only required to state his title, whatever it was, and that, we are of opinion, could be done by any equivalent terms to fulfill the title he represented himself, in the policy, to be possessed of. Technical nicety was not contracted for.

"We are of the opinion that the plea in abatement was bad, and that the demurrer should have been carried back to the plea and sustained to it; but because that was not formally done, it is of no consequence,—at least appellant has no reason to complain of it.

"The admission of improper evidence on behalf of appellee, as well as the rendering of the judgment in his favor, are assigned for error.

"From the view we take of the matter, the judgment by default was properly rendered, since appellant refused to plead to the declaration, and the record is not in condition to pass upon the errors assigned. The entire cause of action, as stated in the declaration, was admitted by the default, except the amount of damages.

"Section 61 of the Practice act, allowing an exception to the final judgment to be taken on trials by the court without a jury and by consent of the parties, has, in our opinion, no application to a case like this. The proceeding to assess the damages was not with appellant's consent, within the meaning of this section. Assessment of damage is in no sense a trial. It is more in the nature of a special proceeding. Under the early common law of this State * * * the sheriff was authorized to execute the writ of inquiry anywhere in the county, and the proceeding need not be in a court at all. (*Vanlandingham* v. *Fellows*, 1 Scam. 233.) Notwithstanding the section of the statute above referred to, it is still necessary to make a motion to set aside the assessment, and if it is disallowed, to take an exception to the ruling of the court. (*Beam* v. *Laycock*, 3 Ill. App. 43, and cases there cited.) No exception was in fact taken to the introduction of evidence on the assessment of damages.

"We have examined the evidence, and find it not only relevant, but fully sufficient to support the judgment.

"As to the evidence introduced by appellee to prove title, that, also, we think, is sufficient to fulfill the requirements of the policy; but whether it is or not is immaterial, as the default admitted all the facts pleaded in the declaration, and its sufficiency has not been challenged.

"Finding no error in the record requiring a reversal of the judgment, it is affirmed."

Concurring in the foregoing views, we adopt the same as the opinion of this court. Accordingly, the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*