## Pioneer Furniture Co. v. Benjamin F. Langworthy, as Receiver of the Mutual Fire Ins. Co.

1. NOTICE—*Reasonableness of, Can Not Arise upon the Pleadings.*— The reasonableness of a notice is a question which can not arise upon the pleadings. It depends upon the testimony to be disclosed at the trial.

2. SAME—*When Cured by the Statute of Amendments and Jeofails.*—The averments of notice in the declaration in this case are given in the opinion and, if defective, are held to be cured by Section 6 of the Statute of Amendments and Jeofails.

3. INSURANCE—*Assessments after Cancellation of Policy.*—Where losses and expenses are incurred by an insurance company prior to the cancellation of a policy, an assessment against the holder of such policy may lawfully be made for his share of such losses and expenses.

4. APPELLATE COURT PRACTICE — *Assessments of Damages, When Not Reviewable.*—The Appellate Court can not review an assessment of damages in the absence of a bill of exceptions showing the evidence heard by the trial court upon such assessment.

5. PRESUMPTIONS—*In Favor of Judgments.*—In the absence of a bill of exceptions, where the record shows that "after hearing all the allega-

Pioneer Furniture Co. v. Langworthy.

tions and proofs submitted, and being fully advised in the premises," the court assessed the plaintiff's damages, etc., it must be presumed that the damages were properly proved.

**Error**, to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed October 19, 1899.

BULKLEY, GRAY & MORE, attorneys for plaintiff in error.

A defendant is not bound to answer a complaint which upon its face states no cause of action against him. He may rely upon the court not to render an erroneous judgment against him, and if such a judgment is rendered upon default, he may have it reversed upon appeal. Any defect in a complaint which would have been available as a ground of demurrer before judgment may be taken advantage of on appeal after a judgment by default. Olds v. Mohler, 122 Ind. 594, 23 N. E. 967; Teale v. Walker, 111 U. S. 242; Madison County v. Smith, 95 Ill. 328; Beadle County National Bank v. Hyman, 33 Ill. App. 618; Bragg v. City of Chicago, 73 Ill. 152.

C. W. GREENFIELD, attorney for appellants.

An insufficient averment in a declaration as to time can be taken advantage of only by special demurrer. Read v. Walker, 52 Ill. 333; Higgins v. Highfield, 13 East, 407.

A default admits every material allegation of the declaration, except as to damages; proof as to damages is required. Bragg v. City of Chicago, 73 Ill. 152; Madison County v. Smith, 95 Ill. 328; Bridges v. Stephenson, 10 Ill. App. 369.

General averment of notice of all antecedent premises laid in the declaration is sufficient. Boot v. Franklin, 3 Johns. 207; Norton v. Lewis, 2 Conn. 478; Hill v. Planter's Bank, 3 Humph. (Tenn.) 670.

Cancellation of the policy was not a discharge of plaintiff's liability, and the second count of the declaration, therefore, states a good cause of action. Farwell v. Parker, Receiver, 59 Ill. App. 43; Mallen v. Langworthy, Receiver, 70 Ill. App. 376.

An assessment made by decree of court against a mem-

ber of a corporation in a suit in which the corporation itself was a party is conclusive as to the amount thereby assessed against such member and such decree is not open to collateral attack. Rand, McNally & Co. v. M. F. I. Co., 58 Ill. App. 528.

Mr. JUSTICE ADAMS delivered the opinion of the court.

Defendant in error, suing as receiver of the Mutual Fire Insurance Company of Chicago, recovered judgment against plaintiff in error for the sum of $351.25. The judgment was rendered by default, and the damages were assessed by the court. The record contains no bill of exceptions, the plaintiff here relying solely on the objection that the declaration is insufficient to support the judgment.

July 10, 1889, the Mutual Fire Insurance Company of Chicago issued two policies to plaintiff in error; for one the annual premium was $25, and the amount of the premium note given $125; for the other, the annual premium was $106.25, and the amount of the premium note given $531.25.

November 12, 1890, on a bill filed by the auditor of public accounts to wind up the business of the insurance company, Thomas Parker, Jr., was appointed receiver of the company. Subsequently plaintiff here was appointed receiver as successor of Parker. Such proceedings were had in the matter of said bill that the court ordered the receiver to levy an assessment against the members of the insurance company, which assessment was levied as directed by the court, the assessment against the defendant in error being $73.13 on the premium note first above mentioned, and $185.20 on the other premium note, or $258.33 in all. The policy on which the note for $125 was given expired November 11, 1890, when the receiver was appointed; the other one was surrendered for cancellation July 10, 1890.

The decree of the chancery court, which is set forth at large in the declaration, after directing the receiver to levy an assessment, thus proceeds:

" And that he notify the members thereof, and each of

them, of such assessment and the amount thereof, and make demand therefor, and proceed to the collection of the amount assessed against each of the members of the said company for their just proportion, as aforesaid, of the amount of the assessment with all possible dispatch, and if any member or members of said insurance company shall fail or refuse to pay the amount of his or her assessment for thirty days after such notice and demand, the said receiver shall thereupon proceed to collect from such member or members the whole amount of his °or their premium note and membership in liability, less any assessments which may have been made and collected thereupon by the said defendant insurance company."

The declaration, after alleging the making of the assessment, etc., contains the following :

"And the plaintiff further alleges that, after the said assessment was so made, said defendant was notified of the amount so assessed against it as maker of the deposit note aforesaid, and as a member of the said insurance company, and demand of payment thereof was thereupon made upon said defendant; and although more than thirty days have long since elapsed and expired since giving said notice and making said demand, and although the said assessment has long been past due and payable, still the defendant failed and refused, and still does omit, neglect and refuse to pay the same or any part thereof."

It is contended that this is an insufficient averment of notice and demand. The suit was commenced September 13, 1898, and the declaration was filed September 15, 1898, and counsel argue that the averment, "more than thirty days," etc., means more than thirty days before the filing of the declaration, which might be September 14, 1898, and so less than thirty days before suit brought. The argument proceeds on the erroneous assumption that a declaration speaks as of the time it is filed, whereas it speaks as of the very instant suit was commenced, no matter when filed, and the facts alleged in it as the basis of the action are facts claimed by the plaintiff to have existed prior to suit brought. It is further objected that the declaration is bad in not averring that the receiver himself notified and made demand on the defendant, instead of averring "said

defendant was notified," etc. In making this objection it is necessarily assumed that the thirty days' notice and the demand prescribed by the decree apply equally to liability for the amount of the assessment, and to the penalty for non-payment of it, namely, immediate liability for the whole amount of the premium note," etc., the correctness of which assumption is, as we think, at least doubtful. But waiving this question, and assuming that notice and demand were necessary before bringing suit, we think the alleged defect, if any, merely formal, and such as could not be reached by general demurrer.

Boot et al. v. Franklin, 3 Johns. 207, was a suit against the drawer of a bill of exchange. The court say:

" Upon the argument, the declaration was objected to as bad in matter of substance, for the want of a distinct averment that the defendant had notice of the non-acceptance. The answer to this objection is, that the general averment of notice of all the antecedent premises was sufficient, and is conformable to approved precedents. The reasonableness of the notice, either of the non-acceptance or non-payment, is a question that can not arise upon the pleadings. It depends upon the testimony to be disclosed at the trial."

See also Norton v. Lewis, 2 Conn. 478, and Hill v. Planter's Bank, 3 Humph. (22 Tenn.) 670.

Section 6 of the Statute of Amendments and Jeofails, 1 S. & C. Stat., Ch. 7, par. 6, provides, among other things, that judgment upon confession *nil dicit* shall not be reversed, impaired or in any way affected "for any mispleading, insufficient pleading, lack of color, miscontinuance, discontinuance or misjoining of the issue or want of a joinder of the issue." We are of opinion that the defect, which we do not regard as substantial, is cured by the section quoted. See Higgins v. Highfield et al., 13 East, 407.

The second count of the declaration is on the assessment on the policy in respect of which the premium note for $531.25 was given, and avers that the policy contains the following provisions:

" The insured heretofore named becomes a member of this company and agrees to pay them the premium annually

during the life of this policy, and in addition thereto 'such such sum or sums, in no event to exceed, in the aggregate, five times the amount of said annual premium, at such time or times, in such manner and by such installments as the directors of said company shall assess and order pursuant to its charter and by-laws and the laws of the State of Illinois.

"This policy shall be canceled at any time at the request of the insured, or by the company by giving five days notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except when this policy is canceled by this company by giving notice, it shall retain only the *pro rata* premium.

"All contingent liability of the insured shall cease and determine upon the termination of this policy from any cause, so far as regards losses and expenses incurred subsequent to such termination, but the liability as regards prior losses and expenses shall not terminate until all assessments levied against it are paid in full."

The declaration also avers as follows:

"The plaintiff further alleges that the said policy of insurance remained in full force and effect from the date thereof up to and until the 10th day of July, 1890, when the said policy of insurance was returned to the said insurance company by the defendant, and the same was thereupon, at the request of the defendant, attempted or pretended to be canceled by said insurance company, and the said premium or deposit note returned to the defendant by the said insurance company, but without payment by the defendant of its proportionate share of all the losses and expenses of said insurance company which had accrued prior to such attempted or pretended cancellation, and while said policy was in force."

Counsel for plaintiff in error contend that upon the cancellation of the policy and the return to plaintiff in error of the premium note, his liability ceased, and that, consequently, there can be no recovery against him for the assessment on account of the policy so canceled. This contention can not prevail. The declaration avers that the premium note was returned "without payment by the defendant

of its proportionate share of all the losses and expenses of said insurance company which had accrued prior to such attempted or pretended cancellation." This is a material averment and is admitted by the default. By the terms of the policy, which is the contract between plaintiff in error and the insurance company, it is expressly provided, that upon the termination, "the liability as regards prior losses and expenses shall not terminate until all assessments levied against it are paid in full." But counsel further contend that it is not averred that there was any assessment levied and unpaid against the policy in question at the time of its cancellation. This is manifestly immaterial. If there were losses and expenses incurred by the insurance company prior to the cancellation, an assessment might lawfully be made against plaintiff in error in respect thereof after the cancellation.

As before stated, the total amount of the assessments against plaintiff in error, on account of the two policies, is $258.33, and the amount of the judgment is $351.25, the difference between the two amounts being, presumably, interest. Counsel contend that no interest should be allowed; that, at the most, the judgment should be for the assessments only. The assessment, when levied, was conclusive of the amount that plaintiff in error was liable to pay, if liable at all. Great West. Tel. Co. v. Purdy, 162 U. S. 329 ; Rand, McNally & Co. v. Mut. F. Ins. Co., 58 Ill. App. 528.

It was a liquidated amount, and we can perceive no reason why it should not bear interest. Defendant in error filed with his declaration an affidavit of his claim under Section 37 of the Practice Act, stating the amount due, after allowing all just credits, deductions and set-offs, to be $351.25. Plaintiff in error was duly served with summons and, in contemplation of law, was in court and had notice of said claim. The record of the judgment contains the following : "And thereupon reference is had to the court to assess the plaintiff's damages, and the court now here, after hearing all the allegations and proofs submitted herein by the plaintiff,

and being fully advised in the premises, assesses the plaintiff's damages," etc.    This shows that evidence was heard on the question of damages which has not been preserved by bill of exceptions, and it must be presumed that the damages were properly proved.    McKenzie v. Penfield, 87 Ill. 38.

We can not review the assessment of damages in the absence of a bill of exceptions showing the evidence heard by the trial court on the assessment.    Riley v. Barton, 32 Ill. App. 524; Motsinger v. Wolf, 16 Ill. 71.

The judgment is affirmed.