## TOBIAS WANACK

*v.*

THE PEOPLE, for use of Dora Alexander *et al.*

*Opinion filed October 19, 1900.*

1. FORMER RECOVERY—*judgment against saloon-keeper and owner of building does not bar suit against surety.* A judgment against a saloon-keeper and the owner of the building, recovered in an action under section 5 of the Dram-shop act, is no bar to a suit against the saloon-keeper's bondsman, under section 9 of that act, unless actual satisfaction has been received.

2. DRAM-SHOPS—*when declaration against a saloon-keeper's surety is complete.* A declaration against the surety on a saloon-keeper's bond, which counts upon the injury to the plaintiff's means of support, is complete without making any reference to the proceedings and judgment in a former action against the saloon-keeper and the owner of the building.

3. SAME—*effect, as evidence, of judgment against a saloon-keeper and owner of building.* A judgment against a saloon-keeper and the owner of the building, recovered under section 5 of the Dram-shop act, is *prima facie* evidence as to the amount of damages in a suit against the saloon-keeper's surety, especially if the latter had notice of that suit and an opportunity to defend; nor is the effect of that judgment as evidence affected by the fact that exemplary damages are recoverable under section 5, since it will not be presumed that such damages were awarded.

4. EVIDENCE—*when admission of oral evidence to explain judgment is harmless.* In an action against the surety on a saloon-keeper's bond, where a judgment recovered against the saloon-keeper and the owner of the building, under section 5 of the Dram-shop act, is offered on the question of damages, the admission of testimony that no exemplary damages were claimed in that suit is harmless.

5. APPEALS AND ERRORS—*when defendant cannot question sufficiency of proof of damages.* The sufficiency of the proof of damages assessed against a defendant by the court upon default cannot be questioned by him in a court of review, in the absence of a motion in the trial court to set aside the assessment and an exception to that court's action in denying the motion.

*Wanack* v. *People,* 87 Ill. App. 371, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. WILLIAM M. FARMER, Judge, presiding.

This suit was begun in the circuit court of Christian county by the People, etc., for the use of appellees, the widow and children of John Alexander, deceased, against appellant, as surety on the dram-shop bond of one Charles L. Wanack.

The declaration sets forth the bond sued upon, which was executed on September 21, 1896, conditioned according to the provisions of section 5 of the Dram-shop act, in the usual form of such bond. It is therein averred that the defendant Charles L. Wanack, after the execution and delivery of the bond, obtained from the city council of the city of Taylorville a license to keep a dram-shop; that on the first day of December, 1896, and at divers other times between that time and the 12th of February, 1897, and particularly on the 11th of that month, at his place of business where he was keeping said dram-shop, defendant sold, furnished and gave to John Alexander intoxicating liquors, by reason of which selling, furnishing and giving, he, the said John Alexander, on the 11th day of February, 1897, became intoxicated, in consequence of which he fell from his wagon and was killed, leaving the said Dora Alexander, his widow, and Homer, Cocoa, Ora and Merle Marie Alexander, his children, who were all, at the time of said death, residing with him as members of his family, and who, by the death of the said John Alexander, were then and there injured in their means of support. It is then averred that afterwards the widow and children brought a suit against Wanack, impleaded with one William Sanders, Cedora Sanders and Peter Michels, in an action on the case, setting forth in detail the proceedings in that suit, from which it appears that it was dismissed as to William and Cedora Sanders and proceeded to final judgment against Charles L. Wanack, the saloon-keeper, and Peter Michels, the owner of the building and premises in which the intoxicating liquors were sold, the judgment being for $2000 and costs of suit.

Then follows an averment as to the identity of persons in that suit and this, so far as they are identical, and that the defendant in this suit had knowledge of the pendency of that suit and assisted in the defense; that plaintiffs paid out certain moneys for costs and attorney fees, and concludes: "By means of which premises the plaintiffs have sustained damages to the amount of $3000, yet said defendant has not paid the sum or any part thereof, nor has the said Charles L. Wanack or the said Peter Michels paid said judgment or any part thereof, but that the said judgment still remains unpaid and unsatisfied, whereby, and by force of the statute in such case made and provided, an action has accrued to the plaintiffs to demand of said defendant, for the use aforesaid, the sum of $3000 as their debt and the further sum of $3000 as their damages," etc.

To this declaration the defendant interposed a general demurrer, which being overruled, he filed several pleas, but afterwards withdrew the same and elected to stand by his demurrer to the declaration. Thereupon judgment *nil dicit* was entered, to which the defendant excepted, and the court, having heard the evidence, assessed the plaintiffs' damages at $2000, and entered a judgment in favor of the plaintiffs for $3000 debt, (the amount of the bond,) to be discharged on the payment of $2000 damages. The evidence introduced was the proceeding and judgment in the action set up in the declaration, and the testimony of one of the attorneys in that suit to the effect that no exemplary damages were claimed in that action.

RUFUS M. POTTS, and HOGAN & DRENNAN, for appellant:

Under the Dram-shop act, as shown by sections 5 and 9, there are two kinds of actions. Either may be pursued, but pursuing one is an election and waiver of the other. 7 Ency. of Pl. & Pr. sec. 4, p. 364; 1 id. pp. 148, 183.

A single cause of action cannot be split, in order that separate suits may be brought for various parts of what really constitutes one demand. 1 Ency. of Pl. & Pr. 148; *Brewster* v. *Chastine,* 9 Ill. App. 57; *Vandusen* v. *Pomeroy,* 24 Ill. 291; *Keeler* v. *Campbell,* id. 289.

Two distinct causes of action cannot be set up in a declaration, and where such facts exist a demurrer should be sustained. *Railway Co.* v. *Hill,* 29 Ill. App. 582.

Oral evidence cannot be received to establish what elements enter into and constitute a judgment, or the amount thereof. The record itself is the only evidence of the judgment. *McGuire* v. *Goodman,* 31 Ill. App. 421; *Moore* v. *Bruner,* id. 404.

Bonds are strictly construed in favor of the sureties. *Orego* v. *People,* 36 Ill. App. 413; 20 Am. & Eng. Ency. of Law, 460; *Bartell* v. *People,* 38 Ill. App. 436.

The Dram-shop act is highly penal, and is strictly construed. *Freese* v. *Tripp,* 70 Ill. 496; *Meidel* v. *Anthis,* 71 id. 241.

J. C. & W. B. MCBRIDE, and FRANK P. DRENNAN, for appellees:

A default admits the material allegations in a declaration, and the only question remaining for trial is the amount of damages. *Cook* v. *Skelton,* 20 Ill. 107.

Where a judgment is rendered in favor of plaintiff on demurrer to declaration, in default of plea the defendant is so far out of court as to be entitled to cross-examine witnesses for the purpose of reducing damages only, and it is not admissible for him to make any defense to the action. *Binz* v. *Tyler,* 79 Ill. 248.

At common law, before suit would lie against a surety on a bond it was necessary to first establish a breach of the bond by instituting a suit against the principal and prosecuting it to final judgment. (*People* v. *Wilson,* 1 Scam. 83; *Biggs* v. *Postlewait,* Breese, 198; *Seeley* v. *Evans,* 19 Wend. 459.) But in the State of Illinois the statute has made

provision whereby suits may be instituted and prosecuted against the principal and surety at the same time, as to official bonds of public officers, executors, administrators, guardians and conservators. Starr & Cur. Stat. chap. 103, par. 13; *Nelson* v. *People*, 59 Ill. App. 469; *McIntyre* v. *People*, 103 Ill. 142; *Tucker* v. *People*, 87 id. 76.

The practice of first suing the principal, and thus establishing the breach, and then suing the surety on a dram-shop bond, is concurrent with the practice of suing all together, where there is a statute allowing them to be sued together. *Brandt* v. *State*, 40 N. E. Rep. 682; *State* v. *Nutter*, 30 S. E. Rep. 67; *Gullickson* v. *Jorud*, 89 Mich. 8.

A judgment against a principal is at least *prima facie* against the surety. 12 Am. & Eng. Ency. of Law, 98.

Where a person is responsible over to another, either by operation of law or by express contract, and he has had notice or has actual knowledge of the pendency of a suit involving the subject matter of the indemnity, he can no longer be regarded as a stranger to the suit; and any judgment, without fraud, against the party to be indemnified will be conclusive against the indemnitor, whether he has appeared or not. *Drennan* v. *Bunn*, 124 Ill. 175.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The demurrer to the declaration being general, the principal question in the case is, does it state a good cause of action? The contention on behalf of the appellant that it does not is stated as follows: "That the bond set up and relied upon is the bond of Charles L. Wanack and not the bond of Peter Michels, and the judgment declared upon is a joint judgment against Charles L. Wanack and Peter Michels; and that the declaration also discloses that the judgment herein made the basis of a recovery was obtained under that section of the statute authorizing a remedy against the keeper of a dram-shop and the owner of the premises, (sec. 9,) and this suit is

based upon the section providing for bond, (sec. 5.)" It is also claimed that the evidence admitted after the default was incompetent because it was in reference to a judgment against Wanack and Michels "and at variance with the bond sought to be recovered upon, and that oral evidence cannot be properly admitted to explain, strengthen or contradict a judgment."

The proposition above stated as showing that the declaration was obnoxious to the demurrer is based upon the unwarranted assumption that the present action is upon the judgment against Charles L. Wanack and Michels. The suit is not based upon that judgment, but upon the cause of action which the statute gives to parties injured in their means of support by the sale of intoxicating liquors. For such an injury a remedy is given by the statute against several parties—the keeper of the dram-shop, the owner of the property and the sureties upon the dram-shop bond. It is well understood that an action against one or more of these is not a bar to a similar action against either of the others unless actual satisfaction has been received. Thus it is said by Judge Cooley in his work on Torts, speaking on the subject: "Whatever may have been the reason for proceeding at first against less than the whole, it is conceded on all sides that a previous suit against one or more is no bar to a new suit against the others, even though the first suit be pending or have proceeded to judgment when the second is brought. The second, or even a subsequent suit, may proceed until a stage has been reached in some one of them at which the plaintiff is deemed, in law, to have either received satisfaction or to have elected to rely upon one proceeding for his remedy to the abandonment of the others." Cooley on Torts, (2d ed.) top pp. 157, 158.

We concur in the view of the Appellate Court that this declaration is complete, as counting upon the injury to the plaintiffs' means of support, without reference to that part setting up the proceeding and judgment in the

action against the keeper of the dram-shop and the owner of the premises. The only effect that that judgment can have upon the present suit is as to the measure of damages. The rule seems to be well settled that a judgment against the principal, upon official bonds and bonds by parties to suits, and proceedings in court or relating to the result of a suit or proceeding, is conclusive upon the surety. Whether or not the same rule applies in suits upon bonds like the one here involved the authorities are not altogether harmonious; but we think the weight of authority and sound reasoning is in favor of the proposition that a judgment against the principal, especially where the surety has been notified and had an opportunity to defend, is *prima facie* evidence as to the amount of damages in a suit against the surety. (*State* v. *Martin,* 20 Ark. 629; *Webs* v. *State,* 4 Cold. 199; *Comstock* v. *Deohan,* 8 Hun, 373; *Berger* v. *Williams,* 4 McLean, 577; *Drummond* v. *Prestman's Exrs.* 12 Wheat. 515.) Brandt, in his work on Suretyship, (sec. 524,) says: "Although there is a conflict of authority on the subject, it seems to be the better opinion that, except in cases where, upon the fair construction of the contract, the surety may be held to have undertaken to be responsible for the result of a suit, or when he is made privy to the suit by notice and the opportunity being given him to defend it, a judgment against the principal alone is, as a general rule, evidence against the surety of the fact of its recovery only, and not of any fact which it was necessary to find in order to recover such judgment." In this case the allegation is not only that the surety was notified of the pendency of the suit against the principal, but that he actually appeared and aided and assisted in the defense.

The fact that in the former suit exemplary damages could have been recovered, whereas in this suit on the bond only compensatory damages can be awarded, in no way affects the binding force of that judgment as *prima facie* evidence on this demurrer to the declaration. While

it is true that by force of the statute, as well as under
the decisions of this court, in an action under section 9
of the Dram-shop act a plaintiff may recover exemplary
damages, having first proved actual damages, punitive
damages are only recoverable where there are some ag-
gravating circumstances connected with the case to war-
rant it; and we are not to indulge the presumption that
such damages are allowed in every case, but, on the con-
trary, so far as presumptions may be indulged, it must
rather be assumed, in the absence of some showing to
the contrary, that only actual damages were awarded.
Certainly, the surety on the bond would have had a
right, under proper pleas, to show any fact tending to
reduce the amount of that judgment; and even upon this
default we see no reason why he might not have offered
such proof if he had seen proper to do so. What we have
said as to the effect of the former judgment has been
more with a view to the competency of it in evidence
than as a material part of the declaration.

While a default admits every material allegation of
the declaration it does not admit the amount of damages,
and as we understand this record, the evidence intro-
duced by the plaintiff was upon the assessment of the
damages.

The foregoing sufficiently disposes of the objection to
the competency of the former judgment, and also shows
the sufficiency of that evidence to establish the plain-
tiff's damages *prima facie.* The oral evidence as to the
fact that exemplary damages were not claimed in that
action, was, to say the least, harmless as affecting the
rights of defendant. Nor is defendant in a position, on
this record, to question the sufficiency of the proof of
damages. In *Motsinger* v. *Coleman,* 16 Ill. 71, it was said:
"Where the party is dissatisfied with the amount of dam-
ages assessed upon a writ of inquiry, or by the court or
clerk upon a default, the proper practice is to file affi-
davits showing all the evidence heard upon the writ

of inquiry, and ask that the inquest be set aside and a new writ of inquiry be issued, or that the inquest and default be both set aside and the party let in to make his defense." And again, in the same volume, in the case of *Chicago and Rock Island Railroad Co.* v. *Ward,* (at p. 526,) it is said: "There are two questions: First, how shall a party review the proofs and instructions on the inquest of damages, and is the case properly presented; and second, what is the true measure of damages. The mode of presenting the first was laid down in *Motsinger* v. *Coleman,* 16 Ill. 71, to be by presenting the proofs and instructions, by affidavit or otherwise, to the circuit court and moving to set aside the inquest, and preserving the same in the record by bill of exceptions. Such was the view of the court in *Morton* v. *Bailey,* 1 Scam. 213, and that no exception on the inquest itself would be sufficient without a subsequent motion.—See *Gillet* v. *Stone,* 1 Scam. 539." In the still later case of *McCord* v. *Mechanics' Nat. Bank of Chicago,* 84 Ill. 49, we said: "It is also insisted, that on the assessment of damages the proof was not sufficient; that the signature to the guaranty was not proven, etc. This position cannot be sustained. The special plea having been set aside by demurrer, the execution of the note and of guaranty stood confessed of record and needed no proof. Again, where the assessment of damages is not supported by adequate proof, such position can only be heard in this court in cases where a motion in the court below has been made to set aside the assessment of damages and an exception taken to the judgment of the circuit court in overruling such motion. On this record the question cannot be raised in this court."

We are satisfied there is no reversible error in the judgments of the circuit and Appellate Courts. The judgment of the latter will accordingly be affirmed.

*Judgment affirmed.*