MATHEUS GOTTFRIED

*v.*

THE GERMAN NATIONAL BANK OF CHICAGO.

PRACTICE—*affidavit of claim.*   An affidavit of claim, filed with a declaration upon promissory notes, which states the amount of the principal in the notes as the sum due, with interest according to their tenor, and refers to copies of the notes filed with the declaration, is substantially good.  The better practice is to state the amount of principal and interest due to the date of the affidavit, but it will answer where the amount can be ascertained from copies filed, to which reference is made.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and the Hon. GEORGE W. PLEASANTS and Hon. J. M. BAILEY, Justices.

Messrs. RUBENS & HIESTAND, for the appellant.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by the German National Bank of Chicago against Matheus Gottfried, on two promissory notes.   To the declaration was attached an affidavit of claim, as follows:

"Daniel K. Tenneys, one of the plaintiff's attorneys, being duly sworn, says that the demand of the plaintiff in the above entitled cause is for the amount due and unpaid on two promissory notes, copies of which are attached to the declaration herein, the originals being in possession of deponent, and that there is due to the plaintiff from the defendant, after allowing to him all his just credits, deductions and set-offs, $1690.75, with interest according to the tenor of said notes, and that defendant is a resident of Cook county, aforesaid.

D. K. TENNEYS."

This affidavit, it is contended by appellant, was not suffi-cient to require him to file with his pleas an affidavit of merits, and this is the only question presented by the record for decision.

The 37th section of the Practice act, (Rev. Stat. 1874, p. 779,) requires an affidavit of claim to show the nature of the demand sued upon and the amount due from the defendant, after allowing all just credits, deductions and set-offs. Does this affidavit meet the substantial requirements of the statute? If it does, then the ruling of the circuit and Appellate courts was correct.

The affidavit is claimed to be defective because the interest was not computed to the date of making it, and added to the principal, and the total amount then due stated in dollars and cents. While it would, doubtless, be a better practice for a plaintiff to state in his affidavit of claim the precise amount due at the time of filing the affidavit, yet to hold an affidavit insufficient which states, fully, facts from which, by a mere calculation of interest, the amount due may be determined, would be adopting a technical rule in the construction of a statute, which might, in many cases, defeat the ends of justice. This we are not prepared to do.

In the affidavit the amount of the notes was given, and it is therein stated copies are attached to the declaration; that there is due $1690.75, with interest according to the tenor and effect of the notes. If the purpose of the affidavit was to apprise the defendant of the amount due the plaintiff, upon reading the affidavit and turning to the copies of the notes referred to in the affidavit, the information is as fully fur-nished as if the interest had been computed, added to the principal, and the gross amount stated.

In testing the sufficiency of an affidavit of claim, we see no reason why it may not be considered in connection with the declaration. Indeed, this practice was expressly approved in *Haggard* v. *Smith*, 76 Ill. 507, where it was said: "The affi-

davit was properly made by one plaintiff, and is sufficiently definite when taken in connection with the declaration."

In *Haggard* v. *Smith,* 71 Ill. 226, an affidavit of claim, sworn to by one of the plaintiffs, in which reference was made to the "annexed account," as showing the nature of plaintiff's demand and the amount due from defendants, was held to be a substantial compliance with the statute. In that case the account referred to in the affidavit was filed with the declaration, as a part thereof.

The principle announced in the two cases cited will sustain the affidavit under consideration. When the affidavit is read in connection with the copies of the notes referred to in the affidavit and attached to the declaration, the amount due the plaintiff is not uncertain or in doubt.

We are of opinion that the affidavit in substance complied with the requirements of the statute, and the judgment was right. It will be affirmed.

           *Judgment affirmed.*