## W. D. Fry et al., Appellees, v. The American Insurance Company, Appellant.

1. APPEALS AND ERRORS—*when bill of exceptions stricken.* If no bill of exceptions is signed by the trial judge at the term at which the proceedings occurred and no time for presenting a bill of exceptions beyond that term is provided for, a bill of exceptions signed at a subsequent term will be stricken from the record.

2. APPEALS AND ERRORS—*practice of reviewing rulings in default cases.* In default cases where a party is not satisfied with the amount of damages assessed on the inquest and claims that improper rulings have been made on the evidence, the proper practice is to preserve the evidence heard and ask that the inquest be set aside and that a new inquest be granted, or that the inquest and default be both set aside and the party let in to make his own defense. On a refusal after proper showing made, the reviewing court may correct such erroneous decision.

3. JUDGMENTS—*when default should be set aside.* If a defendant is misled into suffering a default by the conduct of the plaintiff or if such default is taken in violation of a stipulation or a fraud has intervened in the taking of the default, in any or either of such cases the default should be vacated.

4. DAMAGES—*effect of agreement restricting amount of.* If an agreement is made to the effect that the damages to be assessed upon a trial shall not exceed a specified sum, such agreement will be recognized and enforced by the courts.

Assumpsit. Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded with directions. Opinion filed April 9, 1910.

**Statement by the Court.** This appeal is by The American Insurance Company from a judgment taken by default by W. D. Fry, Martha E. Branson, Robert Branson and Matthew Branson against appellant in the Circuit Court of Marion county for the sum of $2,107.92.

The default in this case was entered on motion of plaintiffs' attorney, May 6, 1908, of the April term of said court, 1908, which convened April 27, 1908; and on May 28, 1908, the cause was continued generally. The record then shows that on September 28, 1908, leave

was granted defendant to supply files; and that the cause was continued "under the rule." At the January term, 1909, an application to the court was made by the defendant for the supplying and consideration of a former lost motion and affidavit by the defendant to set aside said default, filed June 8, 1908, of said April term, 1908, a proven copy of said last motion and affidavit accompanying said application; and, on a hearing by the court, said application was overruled. At the April term, 1909, said application of the defendant for the consideration and supplying of said lost motion and affidavit to set aside said default, was again made to the court by the defendant with additional reasons assigned therefor; but said application was again refused by the court, and on cross motion of plaintiffs' counsel said motion was stricken from the files. A jury was then impaneled by the parties to assess plaintiffs' damages on said default, and the defendant appeared and cross examined plaintiffs' witnesses, and offered instructions to be read to the jury which were refused. Errors are assigned on all rulings, orders and judgments of the court.

KAGY & VANDERVORT, for appellant.

NOLEMAN & SMITH and CHARLES H. HOLT, for appellees.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The proofs introduced by the defendant at the January term, 1909, of said court unquestionably show that said motion and affidavit to set aside the default in this cause was made and filed about June 8, 1908, of the term in which said default was taken; and it unquestionably shows that said motion and affidavit was lost from the files and that correct copies were offered and supplied in accordance with leave granted by the court at the previous September term. On motion,

however, of appellees' counsel it is insisted that all the verbal evidence taken at said January term on the question of the loss and contents of such lost files, shall be expunged from the bill of exceptions because no bill of exceptions was signed by the judge at said term and no time for presenting a bill of exceptions was extended beyond that term. As appellees' contention is found to be true and that the bill of exceptions in the record was not signed until the following March term, appellees' motion will have to be sustained and said evidence is by this court expunged from the record. Village of Franklin v. Franklin, 228 Ill. 591; Guyer v. D. R. I. & N. W. Ry. Co., 196 Ill. 370.

This same motion, however, was renewed at the next term of court when judgment was entered with additional grounds assigned, and the affidavit of Mr. U. H. Sikkema which includes the proofs of loss made out and sworn to by W. D. Fry, one of the appellees, together with all the other exhibits referred to in said affidavit, was offered in support of said motion. This affid: it is undisputed in any of its parts by appellees. It shows very clearly that the defendant was not chargeable with negligence in this case in failing to plead, and that said default and judgment ought never to have been asked by plaintiffs. From this affidavit and other sworn exhibits filed with it, letters, telegrams and agreements of appellees' attorney, Charles H. Holt, and proofs of loss made by Mr. Fry, appellee, under date of April 20, 1908, it appears without any contradiction whatever, that this cause was compromised by the defendant, represented by Mr. Sikkema, and plaintiffs, represented by Mr. Holt and Mr. Fry, one of the appellees, on April 20, 1908, seven days before the appearance term for said cause begun. At said time a written stipulation headed with the style of said cause and addressed to the April term of said court, 1908, was signed by Chas. H. Holt, attorney for plaintiffs, which stipulation is in these words: ''It is stipulated by and between Chas. H. Holt, Attorney for

Plaintiffs in the above entitled cause and the American Insurance Company, defendant, that the above entitled cause having been settled upon the basis of twelve hundred fifty dollars ($1,250) the above entitled suit is to be dismissed upon the receipt of a draft from the Company for that amount at the cost of the plaintiff." Attached to Mr. Sikkema's affidavit as an exhibit is the proofs of loss made out on same day said stipulation is dated, and is sworn to by Mr. Fry, appellee, before Chas. H. Holt as notary public and containing among others this statement: "Total amount claimed of this Company under above named policy" (the one in question) "as a compromise settlement twelve hundred and fifty dollars ($1,250)." It also appears from said affidavit that Mr. Sikkema said to Mr. Holt that he, Sikkema, was not an attorney or versed in law and that he might need an attorney to represent him in court; and that Mr. Holt told him that the company would not need an attorney as he, Mr. Holt, would see that the suit was dismissed as soon as the draft should be sent by affiant; that at another time, May 11th, after said default was taken, while in Salem some one volunteered the information to him that he thought a default had been taken in this case; that affiant immediately went up stairs in the court room while court was in session and asked Mr. Holt, appellees' counsel, if default had been taken in this case and that Mr. Holt told him that default had not been taken; and that Holt said he had told the court that a compromise had been made and that the case had been set for May 19, 1908. The remainder of Mr. Sikkema's affidavit shows that he relied on the statement of Mr. Holt and that he was at all times diligent about this case and trying to get it settled up, and never knew there was a default taken until some time in June, 1908, when he immediately took steps to have it set aside by procuring an attorney and filing said affidavit, etc. It appears that the hitch on making the settlement was caused by the appellant being gar-

nisheed by attaching creditors of appellees shortly after or about the time this compromise was made. Mr. Holt and Mr. Sikkema seem to have been working together after the garnishee process to get these creditors to settle with appellees at a discount, and that this suit after the stipulation was continued by agreement for that purpose. But it no where and in no manner appears that appellant was negligent or at fault in any way and was ready at all times to pay said sum of $1,250, when the attaching creditors could be settled with, and appellant protected from them. Mr. Holt's explanation of the default verbally given to Mr. Sikkema after Mr. Sikkema learned of it, was that the company had not sent the draft as they claimed there was an attachment and that the creditors wanted $900; and that Mr. Holt said that if the company had seen fit to allow some one to get judgment, that appellant could pay it as they, Holt and Fry, could not stand for it. He and Mr. Fry had admitted before that that appellees owed said creditors.

The defendant's counsel asked Mr. Fry, appellee, on cross examination and offered to prove by him when the damages were being assessed in this case, that this settlement had been made and that the damages were agreed on by plaintiffs and defendant at the sum of $1,250. But appellees objected to it and the court sustained the objection, and refused to allow proof of this character, and appellant excepted to such ruling and has assigned error thereon.

It seems to us that no matter what had been the ruling of the court at the previous term, that the court even at its last term when judgment was entered should have sustained defendant's motion to set aside said default and have allowed it to plead to the merits. There is no good reason why it should not have been done at the previous term, and the principal reason assigned now why it should not have been done at the last term is because the court had passed on part of the same motion at the previous term. The application

presented the very strongest of grounds for the sustaining of this motion. The insurance company could not help being garnisheed, and it was not reasonable for appellees to expect it to ignore these proceedings and pay them the full $1,250. "Where the applicant was misled into suffering the default by the plaintiff, the default should be opened or vacated although it is otherwise regular." "Where a judgment by default is taken in violation of a stipulation entered into between the plaintiff and defendant or their authorized attorneys, the proper relief will be granted." "Fraud as a ground for the vacation or opening of a default, is entirely distinct from the statutory grounds of mistake, inadvertence, surprise or excusable neglect." "The trial court has inherent power to grant the motion for that cause." 6 Ency. of Pleading and Practice, 172, 173 and 175.

It is insisted by appellees that in the application to have the default set aside and for leave to plead, the appellant failed to show diligence and failed to state therein any meritorious defense. We understand that such must be stated; but we think unusual diligence was disclosed under the circumstances of this case, all of which are not stated in this opinion, and the stipulation above referred to was ample defense in itself to the whole of this judgment.

The burden of proof as to the amount for which the judgment by default shall be taken rests upon the plaintiff. In the absence of proof plaintiff is entitled to only nominal damages on default when the damages are unliquidated. The plaintiff may cross examine the witnesses introduced by the plaintiff in a default case. 6 Ency. of Pleading and Practice 128, 129 and 137.

Our supreme court has decided that the proper practice of having reviewed the rulings of a court in default cases where a party is not satisfied with the amount of damages assessed on inquest and claims that improper rulings have been made on the evidence, is to preserve the evidence heard, and ask that the in-

quest be set aside and that a new inquest be granted, or that the inquest and default be both set aside and the party let in to make his defense. On refusal after a proper showing made, the reviewing court may correct such erroneous decision. Motsinger v. Coleman, 16 Ill. 73; Chic. and R. I. R. R. Co. v. Ward, 16 Ill. 525; Morton v. Bailey, 1 Scam. 213; Wanack v. The People, 187 Ill. 124.

The appellant has properly preserved its record for a review of the evidence here, and we think the court erred in refusing to allow the defendant to cross examine the plaintiff as to the stipulation agreed to by him, and as to what he had stated in the proofs of loss under oath as to the amount of his damages. Appellant had the right to know upon what theory or basis he fixed the damages at over $2,000 at the trial while he had only fixed them under oath at $1,250 in his proofs of loss. Independent of this if there was an agreement on appellees' part that the damages should not be assessed at more than $1,250, we think it should be binding as fixing the damages on this assessment, although we recognize the rule that the defendant cannot question anything alleged in plaintiffs' declaration except the amount of damages to be assessed.

For the reasons above indicated the judgment of the lower court is reversed, and the cause remanded for further proceedings, with directions that the defendant be allowed to plead all of its defenses, if any, on the merits of the case.

*Reversed and remanded with directions.*