## Charles D. Rodgers, Defendant in Error, v. Orah B. Ridgley, Plaintiff in Error.

1. PLEADING, § 150*—*what was purpose of Legislature in passing act relating to affidavits of defense.* The purpose of the Legislature in passing in its present form section 55 of the Practice Act (J. & A. ¶ 8592), relating to affidavits of defense as to the whole or a portion of the plaintiff's demand, and providing that the plaintiff should have judgment for that portion of his demand to which no such affidavit should be filed and that the action should proceed as to the balance of such demand in dispute, was to narrow the issues to be tried and give notice to the plaintiff what defenses he must be prepared to meet.

2. PLEADING, § 153*—*what are requisites of affidavit of defense to portion of plaintiff's demand.* When a defense is presented, under section 55 of the Practice Act (J. & A. ¶ 8592), providing that where an affidavit of defense is made to a portion of the plaintiff's demand the action shall proceed as to such portion and that plaintiff shall be entitled to judgment, as by default for the balance of his demand, to only part of plaintiff's demand, that part must be set out so fully and precisely that the court can determine what amount is admitted to be due and render judgment therefor, and a trial be had as to the contested part of the demand.

3. PLEADING, § 153*—*when affidavit of defense insufficient.* Defendant's affidavit of defense *held* properly stricken from the files for insufficiency, as it did not purport to present a defense to plaintiff's entire demand or definitely state what part of the demand was admitted to be just and correct or state facts sufficiently for the court to determine what part of such demand was admitted to be due and what part contested.

Error to the Circuit Court of Piatt county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed April 16, 1917.

CHARLES MANSFIELD, D. H. GLASS and WHITAKER, WARD & PUGH, for plaintiff in error.

CHARLES C. LEFORGEE, WILLIAM G. MCGINLEY, GEORGE W. BLACK and THOMAS W. SAMUELS, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GRAVES delivered the opinion of the court.

This suit was begun to the June term of the Circuit Court of Piatt county, 1915, by the defendant in error to recover of plaintiff in error on five promissory notes signed by her.

Defendant in error filed a declaration containing five special counts and the common counts; each special count declared on a separate note. With this declaration an affidavit of the claim was filed stating the total amount due on all the notes to be $27,428.65.

After having filed numerous original and amended pleas, to all but one of which demurrer was sustained, and after filing two or more so-called affidavits of merits she confessed to be bad by taking leave to amend the same, plaintiff in error in December, 1915, filed still other original and amended pleas and a final amended affidavit of merits.

Because the last affidavit of merits as amended was considered insufficient, the court struck the same, and all pleas not already disposed of, from the files, and entered judgment in favor of defendant in error for the amount shown by the affidavit of claim to be due.

It is provided, among other things, by section 55 of the Practice Act of this State (J. & A. ¶ 8592), that: "If the plaintiff in any suit upon a contract, express or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment, as in case of default, unless the defendant, or his agent or attorney, shall file with his plea an affidavit, stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, *and specifying the nature of such defense,* and if a portion

specifying the amount  *  *  *.  *If the affidavit of defense is to only a portion of the plaintiff's demand, the plaintiff shall be entitled to a judgment for the balance of his demand, and the suit shall thereafter proceed as to the portion of the plaintiff's demand in dispute as if the suit had been brought therefor.* * * *"

The purpose of the Legislature in passing the section of the statute referred to in its present form was to narrow the issues to be tried and give notice to the plaintiff what defenses he must be prepared to meet. *Kadison v. Fortune Bros. Brewing Co.,* 163 Ill. App. 276; *Perry v. Krausz,* 166 Ill. App. 5. When a defense is presented to only part of the demand, that part must be set out so fully and precisely that the court can determine what amount is admitted to be due and render judgment therefor, and a trial be had as to the contested portion of the demand.

The affidavit that was stricken from the files does not meet the requirements of that section because it does not purport to present a defense to the entire demand, nor is it definitely stated therein what part of the demand is admitted to be just and correct. Neither are the facts averred sufficient to render it possible for a court to determine what part of the claim is admitted to be due and what part of it is contested.

The Circuit Court properly struck the pleas and affidavit from the files and rendered judgment as in cases of default.

The affidavit was insufficient in other respects and most, if not all, of the pleas were bad, but no useful purpose would be subserved by a discussion of those questions.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*