---

(No. 12063.—Reversed and remanded.)
THE FIRESTONE TIRE AND RUBBER COMPANY, Defendant in Error, *vs.* SAUL I. GINSBURG, Plaintiff in Error.

*Opinion filed October 21, 1918.*

1. PLEADING—*when a motion to strike pleas from the files is not proper practice.* A motion to strike a plea from the files is proper if the plea is filed contrary to a rule of court or established practice, but insufficiency of the plea in substance or form must be taken advantage of by demurrer, and a motion to strike for such grounds is contrary to the rules of pleading and practice.

2. SAME—*affidavit of merits may be stricken from files if insufficient.* If an affidavit of merits to a plea to a verified count is insufficient it is proper practice to strike it from the files and give judgment for the plaintiff, and it is not necessary to strike the plea from the files although such practice is common and not improper.

3. SAME—*when affidavit of merits may be filed with each plea.* An affidavit of merits may be filed with each plea which sets up a different defense as to separate causes of action on different promissory notes.

4. SAME—*when an affidavit of merits is not subject to objection that it is made on information and belief.* An affidavit of merits which states the facts set out in the special plea to which it is attached is not subject to the objection that it is made on information and belief because it states that the defendant is informed and believes that he has a good defense upon the merits.

5. SAME—*when judgment cannot be sustained because no plea was on file to common counts.* Where the plaintiff's declaration consists of the common counts and two special counts on two promissory notes, with an affidavit of merits showing that the plaintiff's

claim is on the notes, the action of the court in giving judgment for the plaintiff after erroneously striking from the files the special verified pleas of the defendant cannot be sustained on the ground that there was no plea on file to the common counts.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. C. N. GOODWIN, Judge, presiding.

ADOLPH MARKS, for plaintiff in error.

MILLER, GORHAM & WALES, and GILBERT NOXON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 6, 1912, the defendant in error, the Firestone Tire and Rubber Company, brought a suit in *assumpsit* in the superior court of Cook county against the plaintiff in error, Saul I. Ginsburg. The declaration contained special counts on two promissory notes for the sum of $5000 each, made by defendant to the Grabowsky Power Wagon Company and endorsed by the payee to the plaintiff, and the common counts. The declaration was accompanied by an affidavit that plaintiff's claim was on the notes and that there was due thereon $8329.50. On December 2, 1912, the defendant filed a plea of the general issue and two special pleas, together with an affidavit of merits. There was no further action in the case until September 24, 1914, when the court struck all of the pleas and the affidavit of merits from the files and gave the defendant leave to file an amended affidavit of merits and pleas within fifteen days. The time was extended, and on October 19, 1914, the defendant presented to the court two special pleas with an affidavit of merits as to each, and the court granted leave to file the same, and immediately, on motion of the plaintiff, struck the pleas and affidavits from the files. The defend-

ant was defaulted for want of a plea and judgment was entered for $9091.66. On June 27, 1917, a writ of error was sued out of the Appellate Court for the First District and the Appellate Court affirmed the judgment. A writ of *certiorari* was granted by this court to review the judgment of the Appellate Court.

The bill of exceptions shows permission of the court to file the pleas and the filing of the same, and that thereupon the court, on motion of the plaintiff, struck them from the files. It does not state any ground of the plaintiff's motion or for what cause the pleas and the accompanying affidavits of merits were stricken from the files. A motion to strike a pleading from the files because insufficient in substance or form is contrary to all rules of pleading and practice, and the only mode of taking advantage of insufficiency is by demurrer. (*Orne* v. *Cook*, 31 Ill. 238; *Johnson* v. *Freeport and Mississippi River Railway Co.* 111 id. 413; *Consolidated Coal Co.* v. *Peers*, 166 id. 361.) Although pleas present a good defense to an action they may properly be stricken from the files because they have been filed contrary to some rule of court or without compliance with some rule or established practice, and the order striking them from the files is not necessarily based upon insufficiency. The judgment of a court in an action at law is presumed to be free from error, and although pleas present a good defense to an action unless the record shows upon what ground the action of the court was based, it will be presumed that sufficient cause to justify the ruling was made to appear. (*Fanning* v. *Russell*, 81 Ill. 398; *Consolidated Coal Co.* v. *Peers, supra.*) Where an affidavit of merits is insufficient it is proper practice to strike it from the files, and the plaintiff is then entitled to judgment as in case of default. After an affidavit of merits has been stricken from the files it is not necessary to strike the pleas from the files, although the practice is not improper and is common. (*Cramer* v. *Illinois Commercial Men's Ass'n*, 260 Ill. 516.) The rule ordi-

narily applicable would require that the bill of exceptions should show the grounds of the motion to strike pleas and an affidavit of merits from the files and for what cause or upon what grounds an order of that kind is made.  In this case, however, counsel for the defendant in error state the reason and grounds for the order of the court: "That the court struck the affidavits of merits because they did not comply with the statute and were insufficient, and the affidavits of merits having been stricken, the pleas were properly stricken because the plaintiff's declaration was accompanied by an affidavit of claim."  They also claim that, irrespective of the affidavits of merits, the pleas were sham pleas and were properly stricken for that reason, and that the pleas answered only the special counts, and there being no plea on file to the common counts the judgment can be sustained on that ground.  The statement of counsel as to the ground of their motion and the order of the court will be accepted as correct and sufficient.

There was an affidavit of merits to each of the pleas stating the same facts alleged in the pleas, but it is urged that this was a violation of the statute which justified striking the affidavits from the files.  If the plaintiff files his declaration and affidavit showing the nature of his demand and the amount due him, the defendant is required to file with his plea an affidavit of his defense on the merits to a whole or a portion of the plaintiff's demand and specifying the nature of his defense.  There is no reason why an affidavit of merits may not be filed with each plea which sets up a different defense as to separate causes of action on different promissory notes.

It is also contended that the affidavits were insufficient because made on information and belief.  But the affidavits were not subject to that objection.  They stated that the defendant was informed and believed that he had a good defense upon the merits from the facts therein stated.  The statute does not require a defendant to determine the law

or do more than to say that he verily believes that he has a good defense.

It is further contended that the affidavits stated mere conclusions and not facts. They stated the same facts alleged in the pleas, the sufficiency of which was not questioned by demurrer and could not be questioned upon the motion to strike them from the files. If the pleas stated good defenses to the respective notes the affidavits were sufficient in respect to facts stated. It is not required that the defendant should state the evidence but only the ultimate facts which would give notice of the nature of the defense.

Another ground alleged for affirming the judgment is that the pleas answered only the special counts of the declaration on the notes, and there being no plea on file to the common counts the judgment can be sustained upon that ground. The notes were admissible in evidence under the common counts, but the affidavit of claim made by the plaintiff showed that the action was on the notes and stated the amount due thereon, and the bill of exceptions shows that the notes were the basis of the judgment. There was no affidavit of any claim based on the common counts although the notes would be admissible under them, and the plaintiff's action was without any affidavit of claim except upon the promissory notes. The plaintiff was required to state in its affidavit the nature of its demand, and having stated it, all that was required of the defendant was to meet that statement by his affidavit.

It is urged that the pleas were obviously sham pleas, but there is nothing in the pleas or affidavits showing that the pleas were false and known by the defendant to be false and not pleaded in good faith. If the pleas were bad they should have been demurred to. If they were good the affidavits were sufficient.

The judgments of the Appellate Court and superior court are reversed and the cause is remanded to the superior court.     *Reversed and remanded.*