## John H. Beckers, Appellee, v. City of Kankakee, Appellant.

### Gen. No. 6,624.

1. APPEAL AND ERROR, § 801*—*what must be contained in bill of exceptions.* A plea, notice of special matter, and affidavit of claim in an action of assumpsit, stricken from the files, are not a part of the record and not before the Appellate Court for review unless shown by the bill of exceptions.

2. APPEAL AND ERROR, § 1306*—*when presumed that court's ruling on motion justified.* Unless a motion, the showing made, and the court's ruling, are preserved by the bill of exceptions, it will be conclusively presumed that the court's action was justified.

3. ATTORNEY AND CLIENT, § 132*—*what declaration in action for services need not show.* In assumpsit for legal services, the declaration need not contain an averment that the plaintiff has been licensed to practice law.

4. APPEAL AND ERROR, § 365*—*what may not be first raised on appeal.* In assumpsit for legal services, the question of the plaintiff's license to practice law cannot be successfully raised first on appeal.

5. ATTORNEY AND CLIENT, § 133*—*presumption as to existence of license.* In assumpsit for legal services, a license to practice law is presumed at least until the question is raised in the trial court.

6. EVIDENCE—*what judicially noticed.* The trial court may take judicial notice that an attorney suing for the value of legal services is licensed to practice law in Illinois.

7. APPEAL AND ERROR, § 1034*—*what judicially noticed.* The Appellate Court may take judicial notice that an attorney, suing for the value of legal services, appeared in appellate litigation for defendant in both Appellate and Supreme Court.

8. ATTORNEY AND CLIENT, § 135*—*what constitutes evidence of rendition of services.* In assumpsit for value of legal services, it appearing that the plaintiff had previously appeared for the defendant in appellate litigation before the Supreme Court, the record showing that the plaintiff was attorney in this case and that after suit was started the defendant paid the plaintiff a part on account for legal services, is sufficient admission by the defendant and evidence that the attorney did in fact render legal services.

9. MUNICIPAL CORPORATIONS, § 118*—*when have power to hire additional counsel.* In the absence of ordinance or charter provision to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the contrary a city has authority to hire additional counsel to conduct litigation so as to become liable for such services.

10. MUNICIPAL CORPORATIONS, § 118*—*how defense that employment of attorney is ultra vires is defeated.* In assumpsit for the value of legal services rendered to a city, the defense that the employment was *ultra vires* is defeated by the partial payment by the city after suit started and by the employment of additional counsel by the city in the suit at bar.

11. PLEADING, § 143*—*when affidavit of claim is sufficient to authorize default judgment.* Under section 56 of the Practice Act (J. & A. ¶ 8593), making an affidavit of claim prima facie evidence of the amount due, an affidavit of claim in assumpsit for the value of legal services that the plaintiff's demand is for legal services rendered to the defendant at its request, and that there is due $1,638, is sufficient to authorize and sustain a judgment by default.

12. APPEAL AND ERROR, § 801*—*what bill of exceptions need not contain.* An affidavit of claim in an action of assumpsit is a part of the record and examinable by the court of review, without a bill of exceptions.

13. JUDGMENT, § 113*—*what does not defeat judgment by default based on affidavit of claim.* A default judgment for the plaintiff based on an affidavit of claim in an action of assumpsit for the value of legal services is not invalidated by the fact that the plaintiff recovered less than the amount set out in the affidavit of claim, because he testified admitting receipt of part payment after suit was started.

14. APPEAL AND ERROR, § 800*—*when amount of damages may not be questioned.* Upon failure of the bill of exceptions to show a motion to set aside the assessment of damages on default, or any ruling on such motion, the amount of damages cannot be questioned on appeal.

Appeal from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DE SELM, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed February 8, 1919.

H. H. WHITTEMORE and W. R. HUNTER, for appellant.

JOHN H. BECKERS, *pro se* and J. BERT MILLER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

John H. Beckers sued the City of Kankakee for legal services and had a judgment by default for $1,500 from which the city appeals.

The record certified here by the clerk shows that plaintiff filed the common counts in assumpsit, with a copy of account and an affidavit of claim thereto; that defendant filed a plea of the general issue with an affidavit of merits; that plaintiff moved to strike said plea from the files and that motion was heard and granted; that defendant then obtained leave to file a new affidavit of merits, or a verified plea; that plaintiff then filed a bill of particulars and defendant then filed a verified plea; that plaintiff moved to strike the plea and affidavit from the files; that defendant then withdrew its affidavit and plea and moved to strike plaintiff's affidavit of claim from the files and that motion was heard and denied; that defendant then moved for a rule on plaintiff for a specific bill of particulars, and that motion was granted; that plaintiff then filed a specific bill of particulars; that defendant then moved for a more specific bill of particulars and, on the hearing of that motion, leave was given plaintiff to amend his bill of particulars; that thereafter defendant filed a plea with notice of special matter in defense and an affidavit of merits; that plaintiff moved to strike the plea, notice and affidavit from the files; and that motion was heard and granted, and said plea, notice and affidavit were stricken from the files; that defendant thereafter obtained leave to file pleas and filed a plea and notice of special matter and an affidavit of merits; that plaintiff moved to strike said plea, notice and affidavit from the files; that said motion was heard and granted, and said plea, notice and affidavit were stricken from the files; that defendant was then ruled to plead by a certain day, and thereupon elected to stand by its plea and notice; that defendant was there-

after defaulted and proofs were heard and there was a finding and a judgment for plaintiff for $1,500, and this appeal was prayed by and granted to defendant, and a bill of exceptions was filed.

Appellant contends that the court erred in striking from the files its pleas, notices and affidavits of merits, and argues that contention upon the theory that all of said matter is before this court for review. The bill of exceptions does not contain the pleas, the notices of special matter in defense, the affidavits of merits, the motions to strike them from the files, the showing made upon those motions, the decisions of the court thereon, nor any exception to said rulings. The general rule has long been that all said matters must be shown by the bill of exceptions to present the rulings to a court of review. *Snell v. Trustees of M. E. Church,* 58 Ill. 290; *Gaddy v. McCleave,* 59 Ill. 182; *Barger v. Hobbs,* 67 Ill. 592; *Reed v. Horne,* 73 Ill. 598; *Harms v. Aufield,* 79 Ill. 257; *Blair v. Ray,* 103 Ill. 615; *Mullen v. People,* 138 Ill. 606; and *Mann v. Brown,* 263 Ill. 394, are examples. In *McClure v. Williams,* 65 Ill. 390, it is held that by striking pleas from the files, the record becomes disincumbered of the pleas. In *Town of Scott v. Artman,* 237 Ill. 394, an action at law, it was implied that the answer which had been stricken from the files should have been included in the bill of exceptions. In *Slack v. Harris,* 200 Ill. 96, it is held that a count stricken out is out of the case for all purposes, and the same ruling would apply to a plea stricken from the files. This court so held in *Witteman Co. v. Goeke,* 200 Ill. App. 108. See also, *Harmon v. Callahan,* 207 Ill. App. 506, and cases there cited. There are two modifications to this rule. By section 81 of the Practice Act, as amended in 1911 (J. & A. ¶ 8618), no exception to the ruling is required. There are later cases which seem to imply that the pleading that has been stricken out still remains in the record for purposes of reference, but in all the cases it is held that the motion to strike a pleading

from the files and the showing which was made to the court on that motion and the decision of the court upon said motion must be preserved by a bill of exceptions or the motion and the ruling are not preserved for review. *Gaynor v. Hibernia Sav. Bank,* 166 Ill. 579; *Consolidated Coal Co. of St. Louis v. Peers,* 166 Ill. 361; *People v. American Life Ins. Co.,* 267 Ill. 504; *Firestone Tire & Rubber Co. v. Ginsburg,* 285 Ill. 132, and many other cases. Since this opinion was written, *Harmon v. Callahan,* 286 Ill. 59, has been published. That case holds that under the rules of the Municipal Court of Chicago an affidavit of meritorious defense is a pleading, and a motion to strike it from the files is a demurrer thereto, and both are therefore in the record without a bill of exceptions on the same principle that the action of the court on a demurrer to a pleading is preserved. But that case also holds to the general doctrine hereinabove stated, that in ordinary cases at law a pleading stricken from the files and that ruling can only be preserved by a bill of exceptions. The reason for the rule is this: The motion to strike from the files does not rest upon any insufficiency in the form of the pleading. That can only be tested by demurrer. The motion to strike must be based upon some other matter which may not be of record. Proofs pro and con are permissible upon the hearing of such a motion. It is conceded in the cases above cited and in many others that there may be just ground to strike any pleading from the files, as that it may have been filed in violation of some rule of court. Moreover, it is not the province of the clerk to preserve for review the rulings of the court upon motions. Hence, if the motion and the showing made upon the hearing of that motion and the ruling of the court thereon are not preserved by bill of exceptions, it will be conclusively presumed that the action of the court was justified by the showing made. Therefore the respective motions by plaintiff and the pleas, notices of special matter and the affidavits of merits filed with the pleas are not

before this court upon this record, and the arguments based upon their supposed contents cannot be used to defeat the action of the court.

Appellant contends that as there is no averment in the declaration nor statement in the affidavit of claim nor proof in the bill of exceptions that appellee had been licensed to practice law in the State of Illinois, the judgment cannot stand.   This contention is not sound as to the declaration, for a recovery for attorney's fees under the common counts was sustained in *Union Surety & Guaranty Co. v. Tenney,* 200 Ill. 349. The only decisions in Illinois to that effect as to the proofs, to which our attention has been drawn, are *City of Chicago v. Honey,* 10 Ill. App. 535, and *Patrick v. Perryman,* 52 Ill. App. 514.   On the contrary, it is held in substance in *Williams v. People,* 20 Ill. App. 92; *City of Chicago v. Wood,* 24 Ill. App. 40; Shendorf *v. Gorman,* 86 Ill. App. 276; *Good v. Lasher,* 99 Ill. App. 653; *County of Jo Daviess v. Staples,* 108 Ill. App. 539; *Brunswick v. Hurley,* 131 Ill. App. 235, and *Woodley v. Zeman,* 178 Ill. App. 369, that where a lawyer, physician, dentist and the like, is required by law to take out a license in order to permit him to practice his profession, in a suit by him to recover fees or compensation for services rendered, it will be presumed that he has such license until the contrary appears.   Some doubt is cast upon the correctness of these decisions by what was said in *North Chicago St. Ry. Co. v. Cotton,* 140 Ill. 486, and in *Tichenor v. Newman,* 186 Ill. 264, expressing a different view, but in each of those cases the suit was not by a professional man against his patient or client for his compensation, and what was there said on the present subject was by way of illustration only, and the point here under consideration was not there involved and could not be decided. In *Williams v. People, supra,* the opinion, by McAllister, J., stated that there had been a thorough examination of the authorities and full consideration in reaching that conclusion, and in that and in some of

the other cases cited above, reference is made to cases in other jurisdictions. Among these are *McPherson v. Cheadell*, 24 Wend. (N. Y.) 15, and *Thompson v. Sayre*, 1 Denio (N. Y.) 175, which hold that in a suit to recover for professional services, a license is presumed until the contrary is shown. We therefore hold that in this suit by an attorney for his fees for legal services rendered, a license is presumed, at least until the question is raised in the trial court. This question was not raised in the court below, and we are of opinion that it cannot be successfully raised here for the first time. We think it a fair inference that what happened was that counsel for both parties and the court below knew appellee as a practicing lawyer there, and that the necessity of producing a license did not occur to any of them. It was held in *Ferris v. Commercial Nat. Bank of Chicago*, 158 Ill. 237, that the court would take judicial notice that certain persons, there named, were licensed attorneys, practicing at the bar of this State. The case before us was tried without a jury, and the trial court in fact had that judicial notice. We take notice that appellee has practiced before this court, both upon briefs and oral arguments, as, for instance, in *People ex rel. Dyer v. Clark*, 187 Ill. App. 613, 619, and 268 Ill. 156. The reports of the Illinois Supreme Court show that appellee appeared as attorney for this appellant with its city attorney in litigation between the City and the Illinois Central Railroad Company in cases reported in 257 Ill. 298, 258 Ill. 368, 263 Ill. 589, and 264 Ill. 69. The record kept by the clerk and filed here in this case contains the name of appellee in several places as an attorney in this case. Again, the proofs in the bill of exceptions show that after this suit was begun appellant paid appellee $138 upon the account which he sued on, which was wholly for legal services alleged to have been rendered by appellee to appellant at its request. We think this is a sufficient admission that he was an attorney at law and had rendered legal services to appellant at its re-

quest, for which he was entitled to recover in this action.

It seems to be contended that as appellant has a city attorney, it has no authority to employ other counsel; or, if it has such authority, yet to authorize a recovery it must have been shown that there was an ordinance which levied a tax to pay for the services of another attorney, and a special contract must have been proven. It often happens that a city finds it necessary or advisable to hire an attorney to assist the city attorney in important litigation. In *Hope v. City of Alton*, 214 Ill. 102, relied upon by appellant, there was an ordinance in evidence which showed that the employment of the plaintiff there was void, but the bill of exceptions does not show any such ordinance in force here, and in the absence of an ordinance the general rule is stated in *Hope v. City of Alton, supra*, on page 105, as follows: "A municipal corporation which may sue and be sued, or which has legal business to transact, unless restrained by its charter, may employ attorneys to conduct such business." Moreover, the proofs that since this suit was begun the city paid appellee $138 on the account sued on, conceded that he had a lawful claim due him in this case as an attorney at law. It is worthy of note that both in the court below and in this court another attorney appears with the city attorney for the city.

The affidavit of claim filed with the declaration and sworn to by the plaintiff, says "that the demand of the plaintiff in the above entitled cause is for legal services rendered to the defendant at its request, and that there is due to the plaintiff from the defendant, after allowing to it all just credits, deductions and set-offs, $1,638." The statute, section 56 of the Practice Act (J. & A. ¶ 8593), made this affidavit prima facie evidence of the amount due. The form of this affidavit was approved in *New York Nat. Exchange Bank v. Reed*, 232 Ill. 123, and it was there said that it entitled the plaintiff to judgment unless defendants

filed with their plea an affidavit of merits. In *May-berry v. Van Horn*, 83 Ill. 289, plaintiff moved for judgment for the amount stated, less a certain sum set up in an affidavit of merits, and that motion was granted and judgment entered on such motion, and it was affirmed. In the present case the affidavit of claim is not mentioned in the bill of exceptions. In *Henry v. Meriam & M. Paraffine Co.*, 83 Ill. 461, plaintiff filed with his declaration an affidavit of claim, showing the amount due him, and defendant filed with his plea an affidavit of merits as to $40, and plaintiff moved for judgment for the amount sued for, less said $40, and that motion was granted and judgment so entered, and it was affirmed. In *Rodgers v. Ridgley*, 205 Ill. App. 22, judgment on default was entered for the amount shown to be due by the affidavit of claim, and this was affirmed. In none of the cases just cited is there any suggestion that the affidavit of claim was preserved in a bill of exceptions. In *Healy v. Charnley*, 79 Ill. 592, it is said that the affidavit of claim filed with the declaration under a statute similar to our present Practice Act, though no part of the declaration itself, was a pleading authorized by the statute. In *McKenzie v. Penfield*, 87 Ill. 38, speaking of an affidavit of claim filed by the plaintiff with his declaration, it was said that affidavits of this kind so far partake of the nature of pleadings that they must be dealt with on the same principles. In *J. S. Keator Lumber Co. v. Thompson*, 144 U. S. 434, a case from Illinois, speaking of such an affidavit of claim filed with the declaration, the court said that the affidavit, though no part of the declaration itself, was a statutory pleading. That the declaration is modified and restricted by the affidavit of claim filed therewith and that the pleas are likewise modified and restricted by the affidavit of merits filed with them, so that said respective pleadings are controlled by such affidavits, is held in numerous cases cited by us in *Miller v. Thomas*, 200 Ill. App. 125, and *Reddig v. Looney*, 208 Ill. App. 413. Such affidavits

are pleadings in the sense that they limit the issues to be tried. It is true that in *Garrity v. Lozano,* 83 Ill. 597, the general rule was stated that affidavits filed in an action at law are not parts of the record unless made by so by a bill of exceptions, and this was applied to an affidavit of claim filed with a declaration. But an examination of that opinion shows that the majority of the court examined the affidavit and held it sufficient, though it was not in the bill of exceptions, and therefore in effect held it a part of the record though not in the bill of exceptions, which is in accord with the general rule hereinabove stated, as it had not been stricken from the files. What follows in that opinion seems to have the language of the writer of the opinion (not in harmony with the majority of the court) in finding a ground on which he could agree with the majority on the result. In *Barritt v. Steidinger,* 196 Ill. App. 229, we said that an affidavit of merits filed with a plea was not before us because not in the bill of exceptions. But that was not necessary to our decision, and of the cases we cited on that point none of them related to an affidavit of claim or merits filed with a pleading. We withdraw what we there said concerning an affidavit of merits. We conclude that such statutory affidavits are a part of the record for the purpose of limiting the issues to be tried, unless they have been stricken from the record, and that while they so remain a part of the record they are examinable by a court of review without a bill of exceptions, and that such affidavit of claim is therefore a part of the record on which to base a judgment by default. Whenever they are stricken from the files they cease to be a part of the record until placed therein by a bill of exceptions. The declaration in this case and the affidavit of claim filed therewith were not stricken from the files, and are therefore a part of the record without a bill of exceptions, and said affidavit of claim authorized and sustains this judgment on a default. The default not only admitted that plaintiff had a

valid claim against the defendant under the declaration, but it also admitted the truth of the affidavit of claim, and no evidence was required to prove it. The statute and the default authorized a judgment for plaintiff and against defendant for the amount stated in the affidavit. The fact that plaintiff recovered less because he admitted a payment by defendant since the suit was begun, which payment defendant did not plead, does not affect the validity of the judgment. The only object of plaintiff in testifying was to acknowledge that since the beginning of the suit the city had paid him $138 on this account. He could have made that deduction by motion without testifying, as shown in cases above cited. He also testified that there was then $1,500 due him from the City of Kankakee by reason of the claim alleged in the declaration. This testimony was sufficient to support the judgment.

In the case at bar appellant did not move to set aside the assessment of damages. It is held in *Wanack v. People,* 187 Ill. 116, on the authority of several cases there cited, that where the bill of exceptions does not show any motion by defendant to set aside the assessment of damages, nor any ruling on such motion, the defendant cannot raise in a court of review any question on the amount of damages allowed. This was followed in *Fry v. American Ins. Co.,* 155 Ill. App. 384, in an opinion written by one of the present judges of the Supreme Court.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*