## ORSINGER v. CONSOLIDATED FLOUR MILLS CO. *

(Circuit Court of Appeals, Seventh Circuit. April 5, 1922. Rehearing Denied
October 6, 1922.)

No. 3022.

1. **Judgment ⬳101(1)—Supporting affidavit to warrant default judgment might be made by attorney.**

Under Illinois Practice Act, § 55, providing for default judgment when the declaration is supported by affidavit, the affidavit need not be made by plaintiff, and where plaintiff was a corporation an affidavit by its attorney of record was sufficient.

2. **Judgment ⬳133—Objection must be made to affidavit to support default judgment.**

Where an affidavit in support of the declaration under Illinois Practice Act, § 55, relative to default judgments, was made by plaintiff's attorney without so describing him in the affidavit, but the fact that he was the attorney of record was known to counsel and the court, an objection because of failure to show the relation should have been made before judgment.

3. **Judgment ⬳101(1)—Sufficient, as respects default judgment, that declaration states nature of claim.**

Under Illinois Practice Act, § 55, providing for default judgment where plaintiff files with his declaration an affidavit showing the nature of his demand, etc., the affidavit must be viewed in the light of the declaration, and where the declaration sets out the contract in hæc verba, the requirement that defendant be apprised of the nature of plaintiff's claim is fully met.

4. **Judgment ⬳101(1)—Statute requiring affidavit to state nature of claim to be given reasonable interpretation.**

Illinois Practice Act, § 55, authorizing default judgment when plaintiff files with his declaration an affidavit showing the nature of his demand, etc., must be given a reasonable interpretation to accomplish its object.

5. **Judgment ⬳101(2)—Default judgment authorized in action for breach of contract.**

As an action for damages for a buyer's refusal to accept goods is one on a contract for the payment of money, it is within Practice Act, § 55, providing for default judgment in suit on contract, express or implied, for the payment of money, if plaintiff files an affidavit showing certain facts; the statute making no distinction between actions on contract and actions for breach of contract.

6. **Judgment ⬳106(6)—Plea and affidavit of merits both required to prevent default judgment.**

Under Illinois Practice Act, § 55, providing for default judgment in actions on contract unless defendant files with his plea an affidavit of merits, an affidavit of merits unsupported by plea, or a plea unsupported by an affidavit of merits, is insufficient.

7. **Judgment ⬳126(1)—Court may enter default judgment for amount stated in affidavit, or call for additional proof.**

Under Illinois Practice Act, § 55, providing for default judgment in action on contract, where plaintiff files affidavit showing nature of demand and amount due, the court may enter judgment for the amount set forth in the affidavit, or call for additional proof of the amount due.

8. **Judgment ⬳133—Party not offering evidence or demanding jury trial not entitled to assert error.**

A defendant cannot assert error based on the judge's failure to call for more evidence of the amount due in rendering default judgment in suit on

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 260 U. S. ——, 43 Sup. Ct. 248, 67 L. Ed. ——.

contract, under Illinois Practice Act, § 55, where he was present, but neither offered evidence nor demanded a jury trial, and the damages, though unliquidated, were not seriously disputed.

**9. Sales �köö384(1)—Difference in contract and market price plus expense held measure of damages.**

The measure of damages for a buyer's refusal to accept flour *held* represented by the difference between the contract and market price, plus the expense of the shipment of the car of flour, which defendant rejected.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the Consolidated Flour Mills Company against L. V. Orsinger. Judgment for plaintiff, and defendant brings error. Affirmed.

E. B. Wilkinson, of Chicago, Ill., for plaintiff in error.

Julius A. Polikoff, of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff brought this action to recover damages arising out of defendant's refusal to accept 1,050 barrels of flour, which he bought at $10.75 per barrel. Defendant attempted to plead by way of special plea a defense, the substance of which was held by the District Court to be in direct violation of the written contract. In other words, while not denying the execution of the written contract, defendant sought to prove that plaintiff's agent agreed to certain terms and conditions (particularly in respect to date and quantity of shipment) that were directly contrary to the terms of the written contract.

The various pleas thus offered were rejected by the court, not all of them being preserved in the record. When defendant's third plea was stricken, a default was entered, and judgment for the amount of plaintiff's claim followed. The court followed the Illinois practice as expressed in the statutes of that state and the decisions of the various courts passing thereon.

[1, 2] Error is assigned because the affidavit supporting the declaration was insufficient to support the judgment. This question, governed by section 55 of the Practice Act (Hurd's Rev. St. 1921, c. 110), we think must be resolved in plaintiff's favor. It was not necessary that the affidavit be made by plaintiff. Brigham v. Atha, 84 Ill. 43.

In the present case plaintiff was a corporation, and the affidavit necessarily came from an agent or officer. The affiant was the attorney of record, and, although he did not so describe himself in the affidavit, it elsewhere appeared without dispute. Moreover, no objection was made to the affidavit because of its failure to show the relation of affiant to plaintiff until after judgment was entered. Certainly, if an objection to the affidavit is made on the ground that the relation of affiant to the corporation does not appear, but the fact is known to counsel and to the court that affiant is the attorney of record, then, to be available, the objection should be made in due time, so that the formal allegation may be supplied.

[3, 4] It is likewise settled that in determining its sufficiency the affidavit must be viewed in the light of the declaration. Gottfried v. German National Bank, 91 Ill. 75. In the present case the declaration set out the contract in hæc verba, and therefore any objection that the nature of the claim was not sufficiently shown is overcome. The requirement that the defendant be apprised of the nature of the plaintiff's claim is fully met when it appears that the contract upon which the action is predicated is set forth in full in the declaration. The statute should be given a reasonable interpretation to accomplish its object. Its purpose being accomplished, the defendant, having been fully informed as to the character and nature of the claim made against him, has received all of the benefits which it was the intention of the Legislature to give him.

[5] The action being based upon a contract for the payment of money, section 55 of the Practice Act applies. The application of this section is not limited to cases where the damages are liquidated. Myers v. Shoneman, 90 Ill. 80; New York Exchange Bank v. Reed, 232 Ill. 123, 83 N. E. 548; Clark v. Selfridge, 274 Ill. 275–279, 113 N. E. 617; Beckers v. City of Kankakee, 213 Ill. App. 538–545; Chicago Mill & Lumber Co. v. Townsend, 203 Ill. App. 457. Neither the statute nor the decisions justify the distinction which defendant seeks to make between an action on the contract and an action for the breach of a contract. If the contract which is the basis of the action is one for "the payment of money," the literal requirements of the statute have been met.

It is likewise interesting to inquire into the possibility of any action being maintained "on the contract" without there having been a breach of the contract. To illustrate: A. gives B. his note for $1,000, due in four months. After maturity B. seeks to enforce payment, and defendant concedes that section 55 of the Illinois Practice Act applies, because the action is one on a contract for the payment of money. Nevertheless the cause of action arises out of A.'s breach of the contract in failing to pay B. the money within the period designated.

[6] A judgment of default was therefore properly entered, unless defendant filed a good plea supporting the affidavit of merits. Harrison v. Rosehill Cemetery Co., 291 Ill. 416, 126 N. E. 177. The affidavit of merits, unsupported by a plea, is not sufficient to avoid a default. Neither is the plea unsupported by the affidavit of merits of any avail. Firestone Tire Co. v. Ginsburg, 285 Ill. 132, 120 N. E. 544; Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N. E. 459; Henry v. Merriam & Morgan Paraffine Co., 83 Ill. 461.

[7] Defendant also attacks the amount awarded and the method followed by the court in reaching that sum. The court fixed the amount without submitting the issue to a jury, or so it is claimed, receiving any oral evidence to support plaintiff's claim. Neither party called for a jury. Neither offered any evidence. Under the Illinois practice the court could enter judgment for the amount set forth in the affidavit, or it could call for additional proof of the amount due. Kern v. Strasberger, 71 Ill. 303–305; Beckers v. City of Kankakee, 213 Ill. App. 538.

[8, 9] Certainly a defendant should not be permitted to assert error based upon the judge's failure to call for more evidence when he, being present, neither offered evidence nor demanded a jury trial. Moreover, the facts in the present case did not necessitate the introduction of further evidence, in the absence of any demand therefor by the defendant. While the damages were unliquidated, in the sense in which that term is ordinarily used, the amount could not be seriously disputed. The contract was in writing. Its execution was admitted. Its terms were free from doubt or ambiguity. The damages were not disputed, and were represented by the difference between the contract and market price plus the expense for the shipment of the car of flour which defendant rejected. The price of flour in March, 1920, was well known. Had defendant any evidence to offer showing that the difference between the market and contract price was not $4,115.91, he should have offered it, or at least expressed a desire to do so.

We have disposed of the assignments of error on their merits, notwithstanding plaintiff's contention that defendant's failure to present a duly certified bill of exceptions makes an affirmance on that ground alone necessary.

The judgment is affirmed.